**Ex parte Ramiro R. MUNIZ.**

**No. 037–83**

Court of Criminal Appeals of Texas, En Banc.

June 26, 1985.

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Patricia Saum & Randy McDonald, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPLICANT'S PETITION FOR DISCRETIONARY REVIEW

**W.C. DAVIS, Judge.**

Applicant was charged with "aggravated possession of cocaine", pursuant to an indictment alleging that applicant possessed more than 28 grams but less than 400 grams of cocaine. Applicant filed a pre-trial application for writ of habeas corpus, attacking the constitutionality of House Bill 730,[1] which was passed by the Legisla-

---

1. H.B. 730, Acts of the 67th Leg., Reg. Sess., 1981, Ch. 268, Pg. 696–708, Eff. September 1, 1981.

ture in 1981 and purported to amend the Texas Controlled Substances Act, V.A.C.S. Art. 4476–15 (Supp.1982). The trial court denied his application, as did the court of appeals for the Fourteenth Supreme Judicial District in Houston. *Ex Parte Muniz*, 655 S.W.2d 224 (Tex.App.—Houston [14th Dist.], 1982). The court of appeals did not address the constitutionality of H.B. 730, holding that the issue of the constitutionality of H.B. 730 did not affect the validity of the indictment charging applicant with an offense. Even if the amendment were unconstitutional, the indictment still charged an offense under pre-amendment law. *Muniz*, at 226. We granted applicant's petition for discretionary review challenging the constitutionality of the amendment and urging dismissal of the indictment.

In *Ex parte Crisp*, 661 S.W.2d 944 (Tex. Cr.App.1983), this Court held that H.B. 730 was unconstitutional. The Controlled Substances Act stood as though H.B. 730 had never been enacted. Under the pre-amendment act possession of cocaine was an offense. Art. 4476–15, Sec. 4.02(b)(3)(D), as amended, effective August 27, 1979. Therefore, the indictment in Cause No. 357336 charging applicant with possession of cocaine is valid.

The judgment of the court of appeals is affirmed. Applicant shall remain in the custody of the Sheriff of Harris County to answer the indictment in Cause No. 357336.