Ramchandra S. SINGH

v.

LAMAR UNIVERSITY, et al.

Civ. A. No. B–83–349–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

May 27, 1986.

738

Ramchandra Singh, pro se.

Frank Stenger, Asst. Atty. Gen., Austin, Tex., for defendant Dr. Fred Young.

Michael Patterson, Asst. Atty. Gen., Austin, Tex., for defendant Lamar University and Bd. of Regents of Lamar University.

## MEMORANDUM OPINION

JOE J. FISHER, Senior District Judge.

CAME ON TO BE HEARD this day the Motions for Summary Judgment of Defendants Lamar University, the Board of Regents of Lamar University, and Dr. Fred Young, individually and in his official capacity as Dean of the College of Engineering at Lamar University, and Plaintiff's Response thereto. The Court, having examined the pleadings, the motions and responses thereto along with the supporting documents, affidavits and memoranda, and after hearing oral argument, finds that no genuine issue of material fact exists and that summary judgment, as contemplated by *Fed.R.Civ.P. 56*, is appropriate in this case. The Court, therefore, renders judgment for Defendants and against the Plaintiff pursuant to the Court's findings as set forth below.

## I. PLAINTIFF'S CAUSE OF ACTION

Plaintiff filed this action seeking monetary, declaratory and injunctive relief under 42 U.S.C.A. §§ 1983 and 1985 (West 1981) alleging that Defendants, individually and in concert, acting under color of state law, had denied him his federally guaran-

teed constitutional and statutory rights.[1] Additionally, Plaintiff claims that his First Amendment right to freedom of association was violated because the Faculty Senate excluded members of Plaintiff's union; that his First Amendment right to freedom of speech was violated when as a result of his filing a grievance procedure contesting the Dean's negative recommendations, he was denied tenure and his contract not renewed; and, that his Fourteenth Amendment liberty and property interest in continued employment with Defendant was violated without due process.

Further, Plaintiff contends that his ethnic origin was improperly a motivating factor in Defendant's decision to terminate his employment. 42 U.S.C.A. § 1981 (West 1981).

## II. PLAINTIFF'S FIRST AMENDMENT ALLEGATION

### A. FREEDOM OF ASSOCIATION

Defendants state in their motion for summary judgment that "[u]nion members are not, in fact, excluded from the Faculty Senate." In support of this statement, Defendants attach the affidavit of Dr. Ann Die, then president of the Lamar University Faculty Senate. Dr. Die stated that the Faculty Senate does not now, nor has it ever excluded union members. Plaintiff has not filed any controverting affidavits, has not offered any proof to the contrary and has not contested Defendants' assertion in any way.

■ Where a Defendant has introduced an uncontradicted affidavit in support of its position and Plaintiff failed to produce any countering affidavit, Defendant's affidavit will be taken as true. *Jones v. Halekulani Hotel,* 557 F.2d 1308 (9th Cir.1977). Further, once a party moving for summary judgment has made a prima facie case, the opponent cannot rely on his pleadings alone, but by affidavits or other proof must show that there is a genuine issue of fact. *Brown v. Chaffee,* 612 F.2d 497 (10th Cir.1979); *Fed.R.Civ.P. 56(e).*

In light of Dr. Die's statement and affidavit and Plaintiff's failure to submit evidence of any kind raising an issue of fact, the Court finds it proper to grant Defendants' summary judgment motion on this issue.

### B. FREEDOM OF PETITION AND SPEECH

The gravaman of Plaintiff's complaint is that he was denied tenure allegedly in retaliation for his having previously, and on two occasions successfully, grieved adverse personnel actions which first denied his promotion to associate professor and then subsequently recommended against granting him tenure.

■ The First Amendment to the United States Constitution protects freedom of speech, as well as the right to petition the government for a redress of grievances. Although the right to petition and right to free speech are separate guarantees, the rights were cut from the same cloth as the other guarantees of the First Amendment, were inspired by the same principles and ideals, and are inseparable; and therefore, generally subject to the same constitutional analysis. *Wayte v. United States,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); *McDonald v. Smith,* —— U.S. ——, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985).

■ In order to establish a valid prima facie case of a violation of the First Amendment free speech clause, the Plaintiff must show that his conduct is constitutionally protected. *Day v. South Park Independent School District,* 768 F.2d 696, 700 (5th Cir.1985). Whether an employee's conduct rises to the level of constitutional protection is determined by reviewing whether the conduct in question addresses a matter of legitimate public concern. The question of whether the expression is of a kind that is of legitimate concern to the public must be determined by the content, form and context of the given expression as revealed by the record as a whole. *Con-*

---

**1.** 42 U.S.C. § 1988 grants a district court discretion to award attorneys' fees to prevailing parties. However, as Plaintiff failed to prevail, this section will not be discussed.

*nick v. Meyers,* 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690–91, 75 L.Ed.2d 708 (1983).

■ Further, when a public employee invokes the First Amendment as a basis for reviewing an employment decision made by a governmental employer, the protection the First Amendment accords must be balanced against the government's interest in, and need for, efficient public administration. *Day, supra.*

■ However, this balancing test is not involved in the case at bar because Plaintiff's complaint does not relate to a matter of political, social or other concern to the community and thus is not a matter of public concern. Rather, Plaintiff's complaint relates to a matter of individual interests, desires, disputes and grievances. Even if the Court were to find that a substantial reason for the denial of tenure was Plaintiff's pursuit of the grievance action, Plaintiff's continued employment with Defendant is not a matter of public concern to the community and therefore is not constitutionally protected. *See Connick, supra; Day, supra.*

## III. FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS

Plaintiff, in his original complaint, alleges that he was deprived of a liberty and property interest in his continued employment with Defendant Lamar University without due process.

■ However, the requirements of due process apply only to the deprivation of a Plaintiff's interests which are encompassed within the Fourteenth Amendment's protection of liberty and property. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Dr. Singh, like the Plaintiff in *LaVerne v. University of Texas System,* 611 F.Supp. 66 (S.D.Tex. 1985), was never granted tenure, and thus was a non-tenured employee, and absent an entitlement to continued employment, his unilateral expectation of obtaining tenure falls short of a property right which triggers procedural due process. *Perry v. Sinderman,* 408 U.S. 593, 92 S.Ct. 2694, 33

L.Ed.2d 570 (1972); *Roth, supra.* Furthermore, denial of tenure and non-renewal of an employment contract does not create a stigma which implicates a deprivation of a liberty interest. *LaVerne, supra,* at 69.

As a non-tenured employee, Plaintiff has failed to show that he has been deprived of liberty or property interests which could invoke due process protection. Merely a showing that he was not rehired for a particular job, without more, does not amount to a showing of a loss of liberty or property. Furthermore, Plaintiff's complaint and reply brief in opposition to Defendants' motion for summary judgment which are replete with details of the administrative hearings held on Plaintiff's grievances show that Plaintiff, despite his non-tenured status, was nevertheless afforded all the process which a tenured professor would normally be entitled. *See Levitt v. University of Texas at El Paso,* 759 F.2d 1224, 1228 (5th Cir.1985).

Plaintiff was not denied his Fourteenth Amendment right to due process, and thus, summary judgment is appropriate.

## IV. DISCRIMINATION

Plaintiff raises allegations of discrimination claiming that his ethnic origin, Asian Indian, may have been a possible factor in his denial of tenure and further, that he was replaced by someone less qualified.

In their Second Motion for Summary Judgment, Defendants attach the affidavit of Dr. Beale wherein Dr. Beale avers that Plaintiff was replaced by a person of a minority race with equal qualifications. Plaintiff again has failed to offer any countering affidavits and further has failed to reply in any fashion to Defendants' Second Motion for Summary Judgment. *See Jones, supra.* Additionally, the fact that Plaintiff was replaced by a person of a minority race supports a conclusion that the denial of tenure was not racially motivated.

To support his assertion that race was an improper motivating factor in Defendants' denying him tenure, Plaintiff relates Dr.

Beale's statement to him that his race might have been a factor in not giving Plaintiff tenure. However, Dr. Beale testified to the contrary during his testimony before the *ad hoc* committee.

Further, during a hearing held in open court Plaintiff, although contending in each of his pleadings that race was possibly a motivating factor, testified that "My true feelings, Your Honor, that I have been discriminated against because I am an independent thinker.... So because of my being an independent person I think—it is my belief, that that is one reason why the University wants to deny me tenure ...".

Later, in a supplemental brief in reply to Defendants' motion for summary judgment, Plaintiff enumerates the minorities hired by Defendants and then stated "the above appointments had clearly shown that Dean Young wanted himself to be surrounded by a foreign faculty who will be *yes men* to him."

▪ In order to prevail in an action based on racial discrimination, a plaintiff must prove that the defendant employer purposefully discriminated against the plaintiff because of his race. *See General Building Contractors Association v. Pennsylvania,* 458 U.S. 375, 383, 102 S.Ct. 3141, 3146, 73 L.Ed.2d 835 (1982).

▪ Plaintiff's unsupportable beliefs and broad conclusory charges do not rise to the level of proof sufficient to show a purposeful or intentional discrimination. Also, Plaintiff offers evidence of other minorities hired and states that the real reason he has been discriminated against is because he refuses to be a "yes man." Plaintiff has failed to state a legal basis for a claim of discrimination and summary judgment is therefore appropriate.

## V. CONCLUSION

As stated above in the Court's discussion of each of Plaintiff's allegations, Plaintiff has failed to raise any issue of material fact and therefore, summary judgment is appropriate as a matter of law.