**Paul Edward PUCKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–733–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 21, 1990.

John E. Wright, Huntsville, for appellant.

Timothy J. Ferreri, Huntsville, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from an order revoking probation. Appellant was placed on five years' probation following his conviction for the offense of retaliation. The state moved to revoke appellant's probation on grounds that he had failed to comply with the terms of his probation. Following a hearing on the state's motion, the trial judge found the allegations contained therein to be true, revoked the probation, and sentenced appellant to five years' confinement in the Texas Department of Corrections. In six points of error, appellant complains of matters regarding his original conviction and challenges the validity of the statute under which he was convicted. We affirm.

In the early morning hours of October 10, 1987, appellant, who was moderately intoxicated, began discharging a pump shotgun in the general vicinity of his house. Officer Tim Holifield, a patrolman for the Huntsville Police Department, was dispatched to appellant's residence in response to a "shots fired" call. As Officer Holifield approached appellant's residence, he heard another shot and immediately called for additional officers. The officers surrounded appellant's house, identified themselves, and requested the occupants of the house to step outside. Appellant complied with the officers' request and exited the front door of his house, leaving the pump shotgun inside. Appellant was arrested for discharging a firearm within city limits. He was then searched for weapons, handcuffed and placed in the "cage" in the back of Officer Holifield's police car.

As appellant was being transported to jail, he became abusive. He swore and cussed at Officer Holifield and threatened to kill Officer Holifield when he got out of jail. At the jail, appellant continued to verbally abuse and threaten the arresting officers. At appellant's trial, Officer Holifield described one of the threats as follows:

> He [appellant] still became abusive and still threatened and at one point he said "I have killed men older than you and I have killed men younger than you and I will kill your ass, Sonny. I have been in Viet Nam."

Officer Holifield testified that he felt "threatened" by appellant's comments, particularly in view of appellant's demonstrated propensity to use firearms. At trial, appellant attempted to explain his conduct and comments on the night of his arrest. He testified that he had great respect for the law, and that he had only threatened to kill Officer Holifield, because he was angry with him.

At trial, Officer Holifield testified that he was threatened by appellant for a second time on November 12, 1987. On that date, Officer Holifield was dispatched to a city residence in response to an assault call made by appellant's wife, and he discovered appellant waiting for him behind the house. Appellant was holding a four foot long stick with nails driven through at the end. As Officer Holifield approached, appellant stated that he would kill Officer Holifield when he got out of jail, and that he would eat Officer Holifield's bones to conceal the evidence. Officer Holifield also testified that appellant threatened to kill him a third time on November 25, 1987. Appellant testified that, regardless of what he may have told Officer Holifield, he never intended to actually kill him.

On March 24, 1988, appellant was convicted by a jury of the offense of retaliation. *See generally* TEX.PENAL CODE ANN. § 36.06 (Vernon 1989 & Supp.1990). Following a pre-sentence investigation, he was placed on five years' felony probation. Appellant did not appeal from his conviction. On January 10, 1989, the state filed a motion to revoke appellant's probation. The state's motion alleged, *inter alia*, that appellant had failed to report to his probation officer, failed to secure employment and failed to pay probation supervisory fees. Following a hearing, the trial court revoked

appellant's probation and sentenced him to five years' confinement. Appellant now appeals from the court's order revoking his probation.

In his first point of error, appellant contends that court erred in revoking his probation, because the evidence at his trial for retaliation was insufficient to support his conviction. This argument amounts to a collateral attack on the sufficiency of the evidence to support the conviction from which appellant failed to appeal when probation was granted. Appellant relies upon this court's opinion in *Vanderburg v. State*, 681 S.W.2d 713 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd), in arguing that it is now well settled that a defendant may collaterally attack a conviction on insufficiency of the evidence grounds in an appeal from a revocation of probation. Appellant has misread *Vanderburg*, and his reliance is misplaced.

In *Vanderburg*, this court did not renounce the general rule that the underlying conviction cannot be collaterally attacked in an appeal from a revocation of probation. On the contrary, we expressly stated in *Vanderburg* that "[n]ormally, upon appealing a revocation of probation, an appellant may not challenge the sufficiency of the evidence supporting the original conviction." 681 S.W.2d at 718. The appellant in *Vanderburg* appealed from a revocation of probation and contended that there was no evidence to support his underlying conviction. *See id.* In support of his no evidence challenge, the *Vanderburg* appellant cited *Dinnery v. State*, 592 S.W.2d 343 (Tex. Crim.App. [Panel Op.] 1980). In dicta, we noted that the *Vanderburg* appellant had correctly stated the holding in *Dinnery*, but we concluded that it was inapplicable to the facts of his case. *See Vanderburg*, 681 S.W.2d at 718. In the instant case, appellant has mistakenly relied upon this dicta in *Vanderburg* in arguing that he may collaterally attack the sufficiency of the evidence supporting his original conviction. Neither *Vanderburg* nor *Dinnery* support appellant's contention.

In *Dinnery*, a party appealing from a revocation of probation alleged that

there was no evidence to support his underlying conviction. *See Dinnery v. State*, 592 S.W.2d 343, 351 (Tex.Crim.App. [Panel Op.] 1980). The Court of Criminal Appeals began its analysis by noting the general rule that an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction except in a case of fundamental error. *See id.* at 350. The court reasoned, however, that where a party appealing from a revocation of probation contends that there is *no evidence*, rather than merely insufficient evidence, to support the underlying conviction, the party's due process rights are put in issue, and the point of error amounts to an allegation of fundamental error. *See id.* at 351. Thus, where a point of error in an appeal from a revocation of probation alleges that there was no evidence to support the underlying conviction, an appellate court must review the sufficiency of the evidence to determine whether the appellant's due process rights were violated in the underlying proceeding. *See id.* at 351.

In this case, appellant has not alleged that there is no evidence to support his conviction for retaliation. Nor has he argued that his right to due process was violated in his trial. Rather, appellant's first point of error contends only that the evidence is insufficient to support his conviction. This complaint cannot be raised for the first time in an appeal from a revocation of probation. It is well established that the sufficiency of the evidence to sustain a conviction cannot be collaterally attacked in an appeal from an order revoking probation. *E.g., Vaughn v. State*, 608 S.W.2d 237 (Tex.Crim.App. [Panel Op.] 1980); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex.Crim.App. [Panel Op.] 1978). In failing to appeal from his original conviction, appellant waived his right to seek a review of the sufficiency of the evidence supporting that conviction, and the contention he now urges is not properly before this court. *See Hoskins v. State*, 425 S.W.2d 825, 829 (Tex.Crim.App.1968). Appellant's first point of error is overruled.

In his second and third points of error, appellant contends that the statute under which he was convicted is unconstitutional under both U.S. Const. amend. I and Tex. Const. art. I, §§ 8, 27. As discussed above, an original judgment of conviction may be collaterally attacked on appeal from a revocation of probation if fundamental error was committed. *E.g., Huggins v. State,* 544 S.W.2d 147, 148 (Tex. Crim.App.1976). In determining what constitutes "fundamental error," Texas courts have consistently recognized that any complaint concerning the original judgment of conviction that could be raised in a post-conviction habeas corpus proceeding may also be raised on appeal from an order revoking probation. *See Dinnery v. State,* 592 S.W.2d 343, 350 (Tex.Crim.App. [Panel Op.] 1980); *Ramirez v. State,* 486 S.W.2d 373, 374 (Tex.Crim.App.1972); *Trcka v. State,* 744 S.W.2d 677, 680 (Tex.App.—Austin 1988, pet. ref'd); *Smola v. State,* 736 S.W.2d 265, 266 (Tex.App.—Austin 1987, no pet.). To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing. *E.g., Ramirez,* 486 S.W.2d at 374. It is clear that the writ of habeas corpus can be used as a vehicle for challenging the constitutionality of a penal statute. *See, e.g., Ex parte Muniz,* 655 S.W.2d 224, 225 (Tex. App.—Houston [14th Dist.] 1982), *aff'd,* 692 S.W.2d 101 (Tex.Crim.App.1985). Accordingly, in this case, appellant's constitutional challenges to the statute under which he was convicted are properly before this court for our review.

Appellant was convicted of the offense of retaliation under TEX.PENAL CODE ANN. § 36.06 (Vernon 1989 & Supp.1990). Section 36.06(a) provides:

A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, prospective witness, or informant.

*Id.* In his second point of error, appellant contends that § 36.06 is unconstitutional on its face, and in his third point of error, he contends that the statute is unconstitutional as applied to facts of his case. Under both points of error, appellant argues that § 36.06 is unconstitutional because it punishes individuals for statements which constitute protected speech and do not pose a clear and present danger to society. Specifically, appellant asserts that the statute abridges his right to free speech under U.S. Const. amend. I and Tex. Const. art. I, § 8, and that it infringes upon his right to petition government officials for redress of his grievances under U.S. Const. amend I and Tex. Const. art. I, § 27.

We initially note that the right to petition for redress of grievances is inseparable from the right of free speech. *E.g., Johnson v. San Jacinto Junior College,* 498 F.Supp. 555, 578 (S.D.Tex.1980). Although the rights are distinct guarantees, they were cut from the same constitutional cloth and were inspired by the same principles and ideals. *E.g., Singh v. Lamar University,* 635 F.Supp. 737, 739 (E.D.Tex. 1986). Thus, as a general rule, the rights are subject to the same constitutional analysis. *Id.* Texas constitutional provisions guaranteeing freedom of expression and assembly are coextensive with the corresponding federal guarantees. *E.g., Reed v. State,* 762 S.W.2d 640, 644 (Tex.App.—Texarkana 1988, pet. ref'd). Accordingly, we will apply the same analysis and principles of construction in interpreting them.

Appellant's contention that § 36.06 is unconstitutional on its face is without merit. *See Watts v. United States,* 394 U.S. 705, 707, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (per curiam) (1969). Section 36.06 is vested with a presumption of constitutionality, and we are bound to construe it in a manner so as to uphold its validity when possible. *See* TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988). The State of Texas undoubtedly has a valid and substantial interest in protecting the integrity of its judicial system and in allowing public servants, witnesses and prospective witnesses to perform their respective duties without interference from threats of physical violence. As the Court of Criminal Appeals has noted, a central purpose of § 36.06 is to encourage a certain class of citizens to

perform vital public duties without fear of retribution. *Doyle v. State*, 661 S.W.2d 726, 729 (Tex.Crim.App.1983). On its face, § 36.06 neither abridges constitutionally protected speech nor inhibits an individual's right to petition for redress of grievances. Appellant's second point of error is overruled.

■ In his third point of error, appellant contends that TEX.PENAL CODE ANN. § 36.06(a) (Vernon 1989 & Supp.1990) is unconstitutional as applied to the facts of his case. In addressing this point of error, we must distinguish between what is a threat and what is constitutionally protected speech. *See Watts v. United States*, 394 U.S. 705, 707, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (per curiam) (1969). Appellant contends that his statements to Officer Holifield were constitutionally protected speech and did not constitute a "threat," because they posed no clear and present danger to society. Appellant concedes in his brief that if he had actually killed or attempted to kill Officer Holifield, his statements would have posed such danger as to not have been constitutionally protected. While we must agree, it is clear that appellant has misunderstood and misapplied the constitutional principles applicable to this case.

In *Watts v. United States*, 394 U.S. 705, 707, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (per curiam) (1969), the Supreme Court reviewed the constitutionality of a statute similar to the one at issue in this case and addressed the question of what constitutes a threat, as opposed to protected speech. The statute examined in *Watts* was 18 U.S.C. § 871 (1982). Section 871(a) provides, in pertinent part, that it is illegal for any person to knowingly and willfully make any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States. The petitioner is *Watts* was convicted for making the following statement in the course of a protest against the Vietnam War:

> They always holler at us to get an education. And now I have already received my draft classification as 1–A and I have got to report for my physical this Monday coming. I am not going. If they ever make me carry a rifle the first man I want to get in my sights is L.B.J. They are not going to make me kill my black brothers.

*See Watts*, 394 U.S. at 706, 89 S.Ct. at 1401. The Court held that, under the first amendment, Watts could not be convicted under § 871(a) unless the statement in question constituted a "true threat." *Id.* at 708, 89 S.Ct. at 1402. The Court concluded that, in view of the circumstances, the statement in question was "political hyperbole," rather than a threat, and it reversed the conviction. *See id.*

■ In reaching its decision in *Watts*, the Supreme Court noted that the question of what constitutes a "true threat" could be analyzed under either an objective or a subjective test of the speaker's intent. *See Watts*, 394 U.S. at 707–708, 89 S.Ct. at 1401–1402. Under an objective test, a defendant is subject to prosecution for any statement that might reasonably be interpreted as a threat, regardless of the speaker's intent. *See id.* at 707, 89 S.Ct. at 1401; *Rogers v. United States*, 422 U.S. 35, 47, 95 S.Ct. 2091, 2098, 45 L.Ed.2d 1 (1975) (Marshall, J., concurring). Under the subjective test, however, a defendant may only be convicted for statements which he intends to be interpreted as expressions of an intent to kill or injure. *See Watts*, 394 U.S. at 707–708, 89 S.Ct. at 1401–1402; *Rogers*, 422 U.S. at 47, 95 S.Ct. at 2098. The *Watts* Court did not definitively state which test of intent was constitutionally proper, but it did express grave doubts as to whether the objective test provides sufficient constitutional safeguards, *see Watts*, 394 U.S. at 708, 89 S.Ct. at 1402, and the objective test has been harshly criticized by certain members of the Court as embodying a negligence standard into a criminal statute, *see Rogers*, 422 U.S. at 47, 95 S.Ct. at 2098.

■ The question of whether speech in entitled to constitutional protection is a question of law. *E.g., Kelleher v. Flawn*, 761 F.2d 1079, 1084 (5th Cir.1985). In this case, applying either an objective or subjective test, we conclude that appellant's

statements to Officer Holifield were true threats not entitled to constitutional protection. The record reflects that appellant repeatedly stated in no uncertain terms that he would kill Officer Holifield when he got out of jail. It is clear that these statements by appellant could reasonably be interpreted as a threat. Thus, under the objective test, the statements were not protected speech, and appellant's prosecution and conviction violated neither the federal constitution nor the Texas Constitution.

Analyzing appellant's intent under the subjective test, we conclude that he intended for his statements to be interpreted as expressions of an intent to kill or injure Officer Holifield, and, therefore, we reach the same result as stated above. After a thorough review of the record, we find that appellant intended to make threatening statements to Officer Holifield, and that the statements he made were in fact threatening in nature. We note that appellant's statements did not deal with an issue of public concern. Unlike the statement at issue in *Watts* appellant's threats to Officer Holifield were not some form of political hyperbole arising in the context of a heated debate. Nor did they contain only indirect threats. Appellant's statements were directed to an audience of one, Officer Holifield, and they conveyed nothing other than a blatant threat of physical violence. Appellant's reference to the fact that he had killed other individuals and had served in Vietnam clearly shows that he intended for his threats to be taken seriously. Moreover, these statements, combined with appellant's menacing behavior, show that Officer Holifield was justified in feeling threatened by appellant's comments.

At his trial, appellant did not deny that he had seriously threatened Officer Holifield, but he insisted that he had not actually intended to carry out the threats. This is a distinction without a difference. The state's interest in the enforcement of § 36.06 is not limited to preventing individuals from killing or attempting to kill participants in the judicial process. Rather, a central purpose of the statute is to allow such persons to participate in the process without the *fear* of retribution or retalia-

tion. *Doyle v. State,* 661 S.W.2d 726, 729 (Tex.Crim.App.1983). Threats may be costly and dangerous to society in a variety of ways, even when their authors have no intention whatever of carrying them out. *Rogers v. United States,* 422 U.S. 35, 47, 95 S.Ct. 2091, 2098, 45 L.Ed.2d 1 (1975) (Marshall, J., concurring). We hold as a matter of law that appellant's threats to Officer Holifield were not entitled to constitutional protection. Appellant's third point of error is overruled.

■ In his fourth, fifth and sixth points of error, appellant complains of the trial court's charge to the jury in his trial for retaliation. In his fourth and fifth points of error, appellant contends that the trial court erred in failing and refusing to properly instruct the jury as to what may constitute a "threat" under the retaliation statute, and in his sixth point of error, appellant contends that the trial court erred in failing and refusing to instruct the jury as to his first amendment rights. These complaints amount to an impermissible collateral attack on the underlying judgment of conviction, and they are not properly before us in this appeal from a revocation of probation.

■ As noted above, the general rule is that an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction. *E.g., Traylor v. State,* 561 S.W.2d 492, 494 (Tex.Crim. App. [Panel Op.] 1978). An original judgment of conviction may be collaterally attacked on appeal from a revocation of probation only where fundamental error that could be raised in a post-conviction habeas corpus proceeding was committed in the trial court. *See Dinnery v. State,* 592 S.W.2d 343, 350 (Tex.Crim.App. [Panel Op.] 1980); *Ramirez v. State,* 486 S.W.2d 373, 374 (Tex.Crim.App.1972). In this case, appellant has neither asserted nor shown that the alleged errors in the charge constituted fundamental error. Further, it is well established that alleged errors in a court's charge should be urged on direct appeal, and that the writ of habeas corpus cannot

be utilized in a post-conviction proceeding to point out such errors. *See Ex parte Coleman,* 599 S.W.2d 305, 306 (Tex.Crim. App. [Panel Op.] 1978); *Ex parte Gomez,* 389 S.W.2d 308, 310 (Tex.Crim.App.1965), *cert. denied,* 386 U.S. 937, 87 S.Ct. 958, 17 L.Ed.2d 810 (1967). Appellant waived his right to seek a review of these points by failing to appeal from his original conviction. Appellant's fourth, fifth and sixth points of error are overruled.

The judgment of conviction is affirmed.

MURPHY, J., not participating.