Affirmed and Memorandum Opinion filed July 29, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00817-CR

___________________

 

ex parte Thomas Randall Jennings



 



 

On
Appeal from the 228th District Court

Harris County,
Texas



Trial Court Cause No. 1054007A

 



 

 

MEMORANDUM OPINION

In January 2006, applicant Thomas
Randall Jennings was indicted for online solicitation of a minor.  The jury
found applicant guilty as charged.  The trial court assessed punishment in
November 2006 at confinement for two years, probated for five years of
community supervision, and a $500 fine.  Applicant did not appeal.  On February
5, 2009, applicant filed an application for writ of habeas corpus asserting
that (1) “the penal code subsection under which he was convicted is
unconstitutional;” and (2) “his trial counsel was ineffective for failing to
challenge the constitutionality of the statute.”  The trial court denied
applicant’s application in an order signed on August 17, 2009.  Applicant
appeals from this order.  We affirm.  

Background

On July 25, 2005, applicant entered an online chat
room under the screen name “ShineLMFC2005.”  Applicant initiated a conversation
with “Sugahboogah93,” also known as “Jess.”  Applicant asked “Jess” how old she
was.  After she told him she was 12, he asked her, “you hav[e] nipples yet[?]” 
He also asked her if she ever touched herself between her legs or let someone
else touch her between her legs.  Later during the conversation, he asked her
if she would like to “rub” his penis.  Applicant then used a webcam to stream
video of his penis online for “Jess” to view.  Applicant chatted online with “Jess”
five times over the course of a month.  During their conversations, “Jess” told
applicant she was 12 years old.  Applicant consistently talked about touching
himself and “Jess” in a sexual manner, and told her that he masturbated while
looking at pictures of her and chatting with her.  Applicant was 54 years old
at the time of trial.    

“Jess” was an online persona created by Lisa Poehl, a
contributor to PervertedJustice.com.  PervertedJustice.com is a website
affiliated with a volunteer group that targets sexual predators in online chat
rooms.  As a contributor, Poehl would enter online chat rooms and portray
herself as a 12, 13, or 14 year old child.  Poehl was 39 years old at the time
of trial.  Notwithstanding her online representation that she was 12 years old,
applicant testified at trial that he knew “Jess” was an adult based on
information she gave him in other conversations.

After chatting with applicant, Poehl contacted a
friend in law enforcement and posted transcripts of her chat sessions with
applicant on PervertedJustice.com.     Applicant was indicted for the offense
of online solicitation of a minor.  Specifically, applicant was charged under
subsection (b)(1), which reads as follows:

A
person who is 17 years of age or older commits an offense if, with the intent
to arouse or gratify the sexual desire of any person, the person, over the
Internet or by electronic mail or a commercial online service, intentionally .
. . communicates in a sexually explicit manner with a minor[.]

 

See Act of May 25,
2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4049, 4050, amended
by Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws
1167, 1167-68 and Act of May 27, 2007, 80th Leg., R.S., ch. 1291, § 7, 2007
Tex. Gen. Laws 4344, 4349-50 (current version at Tex. Penal Code Ann. §
33.021(b) (Vernon Supp.2009)).  “Minor” is defined as “(A) an individual who
represents himself or herself to be younger than 17 years of age; or (B) an
individual whom the actor believes to be younger than 17 years of age.”  Tex.
Penal Code Ann. § 33.021(a)(1) (Vernon Supp. 2009).  “Sexually explicit”
is defined as “any communication, language, or material, including a
photographic or video image, that relates to or describes sexual conduct, as
defined by Section 43.25.”  Id. § 33.021(a)(3).  Section 43.25
defines “sexual conduct” as “sexual contact, actual or simulated sexual
intercourse, deviate sexual intercourse, sexual bestiality, masturbation,
sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any
portion of the female breast below the top of the areola.”  Id. § 43.25
(Vernon Supp. 2009).   

Applicant’s case was tried to a jury on November 8,
2006.  The jury found applicant guilty as charged on November 10, 2006; the
trial court assessed punishment at confinement for two years, probated for five
years of community supervision, and a $500 fine.  Applicant did not perfect or
pursue a direct appeal from the trial court’s November 10, 2006 judgment.

On February 5, 2009, applicant filed an application
for writ of habeas corpus pursuant to Texas Code of Criminal Procedure article
11.072.  The application rests on claims that (1) applicant received
ineffective assistance of counsel; and (2) section 33.021 is unconstitutional
because it is overbroad, vague, and violates the Commerce Clause.  The trial
court denied the application for writ of habeas corpus in an order signed on
August 17, 2009.  The trial court also signed findings of fact and conclusions
of law.  In its findings of fact and conclusions of law, the trial court
addressed only applicant’s constitutional challenges to section 33.021; it did
not address applicant’s ineffective assistance of counsel claim.  The trial
court stated that “[t]he Applicant has failed to overcome the presumption that
the statute is valid and that the legislature has not acted unreasonabl[y] or
arbitrarily in enacting it. . . . The statute is constitutional.”  Applicant
appeals from the trial court’s August 17, 2009 order denying his application
for writ of habeas corpus.    

Analysis

Applicant presents three issues on appeal.  In his first
and second issues, applicant argues that Texas Penal Code section 33.021 is
unconstitutionally overbroad and vague in violation of the First Amendment to
the United States Constitution.[1] 
Applicant argues that section 33.021 is unconstitutionally overbroad because the
definitions of “minor” and “sexually explicit” allow the statute to reach
non-obscene communications between two consenting adults when one of them claims
to be under 17 years of age, even if the other participant knows this
representation is not true.  Applicant also argues that section 33.021’s definition
of “sexually explicit” is unconstitutionally vague.  In his third issue,
applicant argues that Texas Penal Code section 33.021 violates the Commerce
Clause  because it “attempt[s] to place regulations on the entirety of the
internet.”  Applicant raises no issue on appeal regarding his ineffective
assistance of counsel claim or the trial court’s failure to address his
ineffective assistance of counsel claim in its findings of fact and conclusions
of law.  

I.         Standard of
Review

Texas Code of Criminal Procedure article 11.072
establishes the procedure for an applicant to seek habeas corpus relief “from
an order or a judgment of conviction ordering community supervision.”  Tex. Code
Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005).  We have jurisdiction to
consider appeals of denials of habeas corpus relief in cases in which community
supervision has been ordered under article 11.072.  Id. art. 11.072,
§ 8 (“If the application is denied in whole or part, the applicant may
appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure.”).

We review the trial court’s denial of habeas corpus relief
under an abuse of discretion standard, and consider the facts in the light most
favorable to the trial court’s ruling.  Ex parte Wheeler, 203 S.W.3d
317, 324 (Tex. Crim. App. 2006).  We afford almost complete deference to the
trial court’s determination of historical facts supported by the record,
especially when those factual findings rely upon an evaluation of credibility
and demeanor.  Ex parte Tarlton, 105 S.W.3d 295, 297 (Tex. App.—Houston
[14th Dist.] 2003, no pet.). We apply the same deference to review the trial
court’s application of law to fact questions, if the resolution of those
determinations rests upon an evaluation of credibility and demeanor; if the
outcome of those ultimate questions turns upon an application of legal standards,
we review the trial court’s determination de novo.  Id.

II.        Application of
Governing Legal Standards

Habeas corpus is an extraordinary remedy for
situations in which there is no other adequate remedy at law.  Ex parte
Cruzata, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007).  Habeas corpus is
reserved for those instances in which there is a jurisdictional defect in the
trial court that renders the judgment void, and for denials of fundamental or
constitutional rights.  Ex parte Sanchez, 918 S.W.2d 526, 527 (Tex.
Crim. App. 1996).  

A writ of habeas corpus ordinarily may not be used to
litigate matters that could have been raised at trial and on direct appeal.  Tex.
Code Crim. Proc. Ann. art. 11.072, § 3 (“An application may not be filed under
this article if the applicant could obtain the requested relief by means of an
appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure.”);
see also Ex parte Nelson, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004) (en
banc) (“We have said countless times that habeas corpus cannot be used as a
substitute for appeal, and that it may not be used to bring claims that could
have been brought on appeal.”); Ex parte Boyd, 58 S.W.3d 134, 136 (Tex. Crim.
App. 2001) (“Ordinarily, the writ of habeas corpus may not be used to litigate
matters that could have been raised at trial and on direct appeal.”); Ex
parte Bagley, 509 S.W.2d 332, 334 (Tex. Crim. App. 1974) (holding that “the
contemporaneous objection rule serves a legitimate State interest in [habeas
corpus proceedings], and that the failure of petitioner, as defendant, to
object at the trial, and to pursue vindication of a constitutional right of
which he was put on notice on appeal, constitutes a waiver of the position he
now asserts” on habeas corpus).  An applicant’s failure to raise a claim at
trial may be excused if the basis of the claim was not reasonably available at
the time of trial.  Ex parte Boyd, 58 S.W.3d at 136. 

For a court to reach the merits of an applicant’s
claim on habeas corpus, the applicant’s claim must be
cognizable in habeas corpus.  See Ex parte Perales, 215
S.W.3d 418, 419-20 (Tex. Crim. App. 2007).  We need not address whether
applicant’s facial overbreadth, as-applied overbreadth, vagueness, and Commerce
Clause claims are cognizable in habeas corpus.  Even assuming such claims are
cognizable, they are subject to forfeiture.   

The Court of Criminal
Appeals addressed forfeiture of constitutional claims in Marin v. State,
851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) (en banc), overruled on other
grounds by Cain v. State, 947 S.W.2d 262, 265 (Tex. Crim. App. 1997).  In Marin,
the court divided a defendant’s rights into three categories: (1) absolute
requirements or prohibitions; (2) rights that are waivable; and (3) rights that
can be forfeited.   Id. at 278-80.  

“Absolute requirements and
prohibitions” function independently of a defendant’s wishes.  Id. at
279.  Implementation of these requirements is not optional, and they cannot be
waived or forfeited.  Id.  “The clearest cases of nonwaiveable,
nonforfeitable systemic requirements are laws affecting the jurisdiction of the
courts.”  Id.  

“Waiveable rights” are
those “considered so fundamental to the proper functioning of our adjudicatory
process as to enjoy special protection in the system.”  Id. at 278. 
These rights can be relinquished by a defendant only through express waiver;
they cannot be forfeited through inaction.  Id.  at 278-79.  A
defendant’s rights to the assistance of counsel and to a jury trial are
waiveable rights.  Id. at 279.  

Other rights can be
forfeited “by failure to object at trial.”  Id.  “Many constitutional
rights fall into this category.”  Id.    

A facial challenge to a
statute’s constitutionality can be forfeited.  Karenev v. State,
281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (en banc).  
An as-applied challenge to the constitutionality of a statute also can be
forfeited.  McGowan v. State, 938 S.W.2d 732, 742 (Tex. App.—Houston
[14th Dist.] 1996) (op. on reh’g), aff’d on other grounds, 975 S.W.2d
621 (Tex. Crim. App. 1998).  

A defendant forfeits his
right to assert facial or as-applied challenges to a statute’s constitutionality
if he does not raise such challenges in the trial court; these claims cannot be
asserted for the first time on appeal.  Karenev, 281 S.W.3d at 434; McGowan,
938 S.W.2d at 742; see also Marin, 851 S.W.2d at 279.  Further, a
defendant who did not raise a claim based on a forfeitable right in the trial
court in the underlying prosecution or on direct appeal cannot do so for the
first time on habeas corpus.  See Ex parte Pena, 71 S.W.3d 336,
338 (Tex. Crim. App. 2002) (per curiam) (“Even if Mr. Pena had alleged a
constitutional . . . defect, he would not be entitled to habeas corpus relief
because he could have, and should have, complained about the fine at the time
it was imposed or on direct appeal”); Ex parte Bagley, 509 S.W.2d at
333-34 (an applicant’s failure “to object at the trial, and to pursue
vindication of a constitutional right of which he was put on notice on appeal,
constitutes a waiver of the position he now asserts” on habeas corpus); Ex
parte Lebo, No. 04-04-00127-CR, 2005 WL 357100, at *4 (Tex. App.—San
Antonio Feb. 16, 2005, pet ref’d) (mem. op., not designated for publication)
(Applicant “had adequate opportunity to raise this complaint at trial and again
on appeal and wholly failed to do so.  As such Lebo cannot raise it here for
the first time” on application for writ of habeas corpus.).  

It is undisputed that applicant did not raise a
facial overbreadth, as-applied overbreadth, vagueness, or Commerce Clause
challenge to the constitutionality of section 33.021 at trial.  Applicant did
not perfect or pursue a direct appeal.  Nothing in the record establishes that
the bases of applicant’s constitutional challenges to section 33.021 were not
reasonably available at the time of trial.  Applicant had adequate opportunity
to raise his constitutional challenges at trial and on direct appeal but did
not do so.  He cannot do so now for the first time by writ of habeas corpus.[2]  See Ex parte Pena,
71 S.W.3d at 338; Ex parte Bagley, 509 S.W.2d at 333-34; Ex parte
Lebo, 2005 WL 357100, at *4.     

Applicant argues in
his reply brief that his constitutional challenges to section 33.021 can be pursued
by application for a writ of habeas corpus because his trial counsel’s failure
to object on these grounds at trial foreclosed relief on direct appeal and
rendered these claims unavailable.  We do not decide whether these constitutional
challenges to section 33.021 can be addressed in the context of an ineffective assistance
claim because such a claim, although raised in the trial court, was not raised
on appeal.  Applicant’s opening appellate brief raised and discussed only the
merits of applicant’s constitutional challenges to section 33.021.[3]  Applicant did not
raise or discuss his ineffective assistance claim or the trial court’s failure
to address that claim in its findings of fact and conclusions of law.  Applicant
raised his ineffective assistance claim for the first time on appeal in his
reply brief.  We will not address an issue raised for the first time in a reply
brief.  See, e.g., Zammaron v. Shinko Wire Co., 125 S.W.3d 132,
139 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); see also Tex. R.
App. P. 38.1(e). 

 

Conclusion

            We affirm the
trial court’s August 17, 2009 order denying applicant’s application for writ of
habeas corpus.            

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Applicant does not argue
separately that his rights under the Texas Constitution were violated. 
Therefore, we consider only applicant’s arguments under the United States
Constitution.  See Arnold v. State, 873 S.W.2d 27, 33 (Tex. Crim. App.
1993).   





[2] Applicant argues that his
situation is analogous to State v. Webb, 244 S.W.3d 543 (Tex.
App.—Houston [1st Dist.] 2007, no pet.).  Webb pleaded guilty pursuant to a
plea bargain agreement.  Id. at 545.  Because Webb’s punishment did not
exceed the punishment recommended by the State, he had no right to appeal.  Id. 
Webb filed an application for writ of habeas corpus asserting that he received
ineffective assistance of counsel.  Id.  The court held that the trial
court had jurisdiction to hear Webb’s application for habeas corpus “[b]ecause
there is no record in the direct appeal as to why [trial counsel]” acted as he
did.  Id. at 546-47.   Therefore, “Webb would not be able to challenge
[trial counsel’s] performance in the direct appeal.”  Id.  The appellate
court also noted that “in a plea-bargained case in which the punishment
assessed does not exceed the plea agreement, a defendant may only appeal
matters raised in a pretrial motion or by obtaining the trial court’s
permission.”  Id. at 547.  Webb did not file a pretrial motion;
therefore, “Webb could not ‘obtain the requested relief by means of an appeal’
because he had no right to appeal.”  Id.  Applicant’s situation is
distinguishable from Webb because applicant was not barred from pursuing
a direct appeal.  





[3]
Applicant also argues that his constitutional
claims can be pursued by application for a writ of habeas corpus because “the
writ of habeas corpus is specially reserved for jurisdictional defects that
render a judgment void.”  Applicant argues that a conviction under an
unconstitutional statute is void.  See Puckett v. State, 801 S.W.2d 188,
192 (Tex. App.—Houston [14th Dist.] 1990, pet. ref’d); Ex parte Muniz,
655 S.W.2d 224, 225 (Tex. App.—Houston [14th Dist.] 1982), aff’d, 692
S.W.2d 101 (Tex. Crim. App. 1985).  These cases hold that challenges to the constitutionality
of a statute involve a question of jurisdiction, and that a conviction under an
invalid statute is void: “If there is no valid statute under which an accused
may be charged, he is entitled to be discharged because any indictment under an
invalid statute is also void.”  Ex parte Muniz, 655 S.W.2d at 225.  This
rationale subsequently has been rejected in relation to both facial and
as-applied challenges.  See Karenev, 281 S.W.3d at 432; McGowan, 938 S.W.2d at 741.  In
McGowan, the court held that a valid as-applied constitutional challenge
does not render a statue void.  McGowan, 938
S.W.2d at 741.  The court stated that “a
constitutional challenge to a statute as applied does not affect the
jurisdiction of the court.  The statute does confer upon the court the power to
act, although a challenge to the constitutionality as applied may constitute a
defense to a conviction under that statute.”  Id. at 741-42 (emphasis in
original).  In Karenev, the court stated that “[d]evelopments in the law
of charging instruments and void judgments undercut the notion that a facial
challenge to the constitutionality of a statute involves a question of
‘jurisdiction.’”  Karenev, 281 S.W.3d at 432.  The court stated that the
Texas Constitution was amended in 1985 “to overturn the doctrine that a trial
court lacked jurisdiction if there was a ‘fundamental’ defect in the charging
instrument.”  Id.  The court further stated that the situations in which
a judgment can be considered to be void have been narrowed to include the
following situations:

 

(1) the document purporting to be a charging
instrument (i.e. indictment, information, or complaint) does not satisfy the
constitutional requisites of a charging instrument, thus the trial court has no
jurisdiction over the defendant, (2) the trial court lacks subject matter
jurisdiction over the offense charged, such as when a misdemeanor involving
official misconduct is tried in a county court at law, (3) the record reflects
that there is no evidence to support the conviction, or (4) an indigent
defendant is required to face criminal trial proceedings without appointed
counsel, when such has not been waived, in violation of Gideon v. Wainwright
[, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)].

 

Id.  The court expressly stated, “This list does not
include a judgment resulting from a facially unconstitutional statute.”  Id.