ACCEPTED
03-15-00063-CR
5088006
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/29/2015 3:53:04 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00063-CR

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

4/29/2015 3:53:04 PM

JEFFREY D. KYLE
Clerk

---

### EX PARTE JAMES RICHARD "RICK" PERRY

---

## APPELLANT'S SUPPLEMENTAL SUBMISSION

---

THE BUZBEE LAW FIRM
Anthony G. Buzbee
State Bar No. 24001820
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tbuzbee@txattorneys.com
Telephone:    713.223.5393
Facsimile:    713.223.5909

BOTSFORD & ROARK
David L. Botsford
State Bar No. 02687950
1307 West Ave.
Austin, Texas 78701
dbotsford@aol.com
Telephone:    512.479.8030
Facsimile:    512.479.8040

BAKER BOTTS L.L.P.
Thomas R. Phillips
State Bar No. 00000102
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4078
tom.phillips@bakerbotts.com
Telephone:    512.322.2500
Facsimile:    512.322.2501

# TABLE OF CONTENTS

**Page**

Table of Contents ................................................................................................ i

Table of Authorities ............................................................................................ ii

    1. Justiciability. ........................................................................................1

    2. Relevance of Intervening Trial Court-Level Developments. ....................5

Prayer For Relief ................................................................................................7

Certificate of Compliance ...................................................................................8

Certificate of Service ..........................................................................................8

i

**Page(s)**

CASES

*Carey v. Brown*,
447 U.S. 455 (1980)..................................................................................6

*Ex parte McCullough*,
966 S.W.2d 529 (Tex. Crim. App. 1998) ...........................................2

Org. for a Better Austin v. Keefe,
402 U.S. 415 (1971)..................................................................................6

Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.,
971 S.W.2d 439 (Tex. 1998) .................................................................1

*Puckett v. State*,
801 S.W.2d 188 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd)..................6

Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440 (Tex. 1993) .................................................................2

*Virginia v. Black*,
538 U.S. 343 (2003)..................................................................................6

*Watts v. United States*,
394 U.S. 705 (1969)..................................................................................6

*Williams v. Lara*,
52 S.W.3d 171 (Tex. 2000) .................................................................2

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

_____

**EX PARTE JAMES RICHARD "RICK" PERRY**
_____

**APPELLANT'S SUPPLEMENTAL SUBMISSION**
_____

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW Appellant, James Richard "Rick" Perry, by and through his counsel of record, and pursuant to the Court's directive of April 28, 2015, would respectfully show this Honorable Court the following:

None of the intervening trial court-level developments has any impact on the justiciability of the constitutional issues raised in Governor Perry's appeal. The only possible relevance to this Court of the State's attempt to amend its pleadings and submit a bill of particulars comes in two admissions made by the State that are directly relevant to Appellant's Issues IV through VII.

## 1. Justiciability.

Issues of justiciability, such as mootness and ripeness, implicate a court's subject matter jurisdiction. *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.,* 971 S.W.2d 439, 442-43 (Tex. 1998). Because Texas courts lack

1

jurisdiction to render advisory opinions, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993), a controversy must exist between the parties at every stage of a legal proceeding for Texas courts to have and retain jurisdiction. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000).

This Court has jurisdiction over Governor Perry's appeal because of the trial court's denial of his application for writ of habeas corpus. *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998). None of the intervening trial court-level developments affects the cognizably or ripeness of Governor Perry's appeal. The issues he raises in this Court must be determined prior to any trial, because they seek to vindicate his constitutional right not to be tried in the first instance. As reflected by the transcription of the February 3, 2015, pretrial hearing, 3RR 11-12, 16-22, neither Governor Perry nor the State requested a stay of the trial court proceedings pending resolution of this appeal.[1] The only way that intervening trial court-level developments could have any impact on his appellate issues would be for the trial court to quash both counts of the indictment *and* the State not to appeal that order. Such a complete and final trial court victory would, of course, moot this appeal by eliminating the illegal restraint that

---

[1] Governor Perry did inform the trial court that if his appeal had not been resolved prior to any trial date, he would seek a stay of the trial in order to protect the constitutional rights he seeks to vindicate here. 3RR at 11-12, 16-22.

2

forms the basis of his application for writ of habeas corpus.[2]

The State's "Bill of Particulars and Amendment of Indictment," filed on February 13, 2015, does not address any of the constitutional issues raised by Governor Perry in his appeal to this Court. Nothing in Governor Perry's appeal is undermined or altered by the State's purported efforts to provide further notice to the trial court, the defendant, and the world of how Governor Perry allegedly violated the law.

At the outset, the Court should note that the trial court has not yet ruled upon whether to permit the State's "bill of particulars" or its proposed amendment of Count II. Governor Perry has objected to all of the State's new pleadings because, among other things, the "bill of particulars" is unauthorized by Texas law, the proposed amendment of Count II conflicts with facts necessarily found by the grand jury to support the original, current version of Count II, the proposed amendment to Count II still fails to negate the statutory exception of Section 36.03(c), and the proposed amendment to Count II contains allegations that are manifestly contradicted by undisputed facts and law. These objections are important to Governor Perry, of course, but they are not relevant to this appeal.[3]

_____

[2] If the trial court quashed only one of the two counts and the State did not appeal that order, then the issues solely relating to the quashed count would become moot.

[3] In response to Governor Perry's "objections" and his January 30, 2015, "Third Motion to Quash," the State filed two pleadings on April 17, 2015. Thereafter, on April 28, 2015,

3

Even if all of Governor Perry's objections are overruled, the new pleadings will not strengthen the State's opposition to the relief Governor Perry seeks here, and indeed they may weaken it, as discussed below in subsection 2. To respond fully to the Court's questions, however, Governor Perry will assume for purposes of this discussion that the trial court will overrule his objections, allow the proposed amendment of Count II, and conclude that the State's" bill of particulars" resolves his current, pending motions to quash.

The State's proposed amendment of Count II is merely a further attempt to negate the statutory exception of Section 36.03(c). Nothing in Governor Perry's appeal relates to that exception, so nothing in the proposed amendment would affect this Court's resolution of Governor Perry's constitutional claims. Similarly, the State's "bill of particulars" has no effect on this Court's resolution of the constitutional issues raised in Governor Perry's appeal.

In sum, there is a live controversy between the State and Governor Perry in the context of his appeal to this Court, based on the illegal restraint imposed upon him by virtue of the indictment and his bond. That controversy is based on

Governor Perry filed his "Consolidated Reply to the Prosecution's Pleadings of April 17, 2015," which have not yet been transmitted to this Court. Nothing in any of these pleadings has any impact upon the issues raised in Governor Perry's appeal, except as otherwise mentioned below in subsection 2, below. Although not necessarily reflected by the record currently before this Court, Governor Perry represents to the Court that there are no settings currently scheduled in the trial court and the State is in the process of producing discovery.

constitutional issues which directly impact the State's ability to proceed with this prosecution. None of those issues have been rendered moot by any of the intervening trial court-level developments. This Court has jurisdiction and the issues are ripe for this Court's review.

## 2. Relevance of Intervening Trial Court-Level Developments.

While, as discussed above, the subsequent developments in no way compromise or diminish Governor Perry's right to habeas corpus relief, the State has made two admissions in its pleadings that make the outcome even clearer in this Court.

First, in its "bill of particulars," the State concedes that the gravamen of Count I was a misuse of Governor Perry's constitutional right to veto items of appropriation. To the extent that this Court may have shared the trial court's concern that Count I did not specifically utilize the term "veto," *see* CR472 n.6; CR454-457, the State's concession should obviate that concern. This concession adds force to, but is not necessary for, the arguments previously advanced by Governor Perry to bar a trial on Count I.

Second, in its April 17, 2015, "Response to Defendant's Third Motion to Quash" at 19, the State admitted that the alleged threat upon which Count II is based is "not a true threat." Supplemental Clerk's Record filed April 27, 2015 at 88. As pointed out in Governor Perry's April 28, 2015, "Consolidated Reply to the

Prosecution's Pleadings of April 17, 2015" at 8-9, this dispositive concession mandates that Count II be quashed because prosecuting anything less than a "true threat" violates the First Amendment and the corresponding free speech guarantee of the Texas Constitution,[4] even where the threat is otherwise coercive.[5] This admission thus requires this Court to sustain Issue VII, which attacks the constitutionality of the prosecution on Count II, but it has no direct effect on Issue I or II.

---

[4] *See e.g.*, *Virginia v. Black*, 538 U.S. 343, 359 (2003)(defining "true threats" as "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence"); *Watts v. United States*, 394 U.S. 705, 707-08 (1969) ("What is a threat must be distinguished from what is constitutionally protected speech" because of the "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials"). *See also Puckett v. State*, 801 S.W.2d 188, 194 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd)(holding that statements by a defendant indicted under the retaliation statute, Section 36.06(a), "could reasonably be interpreted" as a "true threat" reflecting an "intent to kill or injure," and hence not protected speech).

[5] *See N.A.A.C.P v. Claiborne Hardware Co.*, in which the Supreme Court explained that "speech does not lose its protected character . . . simply because it may embarrass others *or coerce them into action*." 458 U.S. 886, 910 (1982) (emphasis added). There, the organizer of a civil rights boycott had warned that boycott breakers would be "disciplined," and that "if we catch any of you going into any of them racist stores, we're gonna break your damn neck." *Id.* at 902. The Court acknowledged that such statements "might have been understood as inviting an unlawful form of discipline or, at least, as intending to create a fear of violence." *Id.* at 927. These "coercive" statements were far closer to classic, violent "threats" than anything Governor Perry allegedly said given the allegations of Count II and the State's concession, yet the First Amendment still protected them because expression on public issues 'has always rested on the highest rung of the hierarchy of First Amendment values." *Id.* at 913 (quoting *Carey v. Brown*, 447 U.S. 455, 467 (1980)); *see also Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) ("The claim that . . . expressions were intended to exercise *a coercive impact* on respondent does not remove them from the reach of the First Amendment. Petitioners plainly intended to influence respondent's conduct by their activities; *that is not fundamentally different from the function of a newspaper*." (emphasis added)).

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Governor Perry respectfully prays that this Honorable Court reverse the district court's denial of relief, sustain his issues as to cognizability and the merits of his constitutional issues, and bar trial on both counts of the indictment and/or dismiss both counts of the indictment, or for such other relief to which this Court determines he is entitled.

Respectfully submitted,

THE BUZBEE LAW FIRM

/ s / *Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Telephone:   713.223.5393
Facsimile:   713.223.5909
Tbuzbee@txattorneys.com

BOTSFORD & ROARK

/ s / *David L. Botsford*
David L. Botsford
State Bar No. 02687950
1307 West Avenue
Austin, Texas 78701
Telephone:   512.479.8030
Facsimile:   512.479.8040
dbotsford@aol.com

BAKER BOTTS L.L.P.

/ s / *Thomas R. Phillips*
Thomas R. Phillips
State Bar No. 00000102
98 San Jacinto Blvd
Suite 1500
Austin, Texas 78701-4078
Telephone:   512.322.2500
Facsimile:   512.322.2501
tom.phillips@bakerbotts.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that excluding the portions of this petition exempted by Tex. R. App. P. Rule 9.4(i)(1), this brief contains 1,128 words as calculated by the word processing program I used.

*/ s / David L. Botsford*
David L. Botsford

## CERTIFICATE OF SERVICE

This is to certify that a true and complete copy of this document has been emailed to Mr. Michael McCrum at michael@McCrumlaw.com and to Mr. David Gonzalez at david@sg-llp.com on the same date that it was electronically filed with the Clerk of the Court.

*/ s / David L. Botsford*
David L. Botsford