**Brian Lee JACOBS, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 06–95–00116–CR.

Court of Appeals of Texas, Texarkana.

Submitted July 5, 1995.

Decided July 20, 1995.

849

Steven R. Miears, Plano, for appellant.

Tom O'Connell, Dist. Atty., and Mary Scanlon, Asst. Crim. Dist. Atty., McKinney, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Brian Lee Jacobs was indicted for retaliation, a third degree felony.[1] In a plea agreement, he pleaded guilty to a lesser included

---

1. Tex.Penal Code Ann. § 36.06, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3661.

offense, attempted retaliation,[2] a Class A misdemeanor. On November 16, 1993, the court sentenced Jacobs to one year in jail, probated for a year, and fined him $500.00. Jacobs did not challenge the indictment's sufficiency before trial, and he neither sought nor was granted permission to appeal. In September of 1994, the State filed a motion to revoke probation, to which Jacobs pleaded true, and on October 25, the court revoked his probation and assessed punishment at 180 days in jail. Jacobs does not complain of the revocation. He contends only that the trial court had no jurisdiction to convict him originally because the offense of attempted retaliation does not exist or is impossible to commit, and accordingly the conviction denied him due process as guaranteed by the Fourteenth Amendment to the United States Constitution. We reject this contention and affirm the judgment.

The indictment charged that Jacobs did:

intentionally and knowingly threaten to harm another, to-wit: Rick Edwards by an unlawful act, to-wit: to cause the death of Rick Edwards, in retaliation for and on account of the services of Rick Edwards as a public servant, to-wit: a peace officer employed by the Allen Police Department, Allen, Collin County, Texas, and such threat was made by defendant stating to Rick Edwards, "when I get out I'm coming to your house to kill you and your family"....

Jacobs agreed to a stipulation of facts and a judicial confession in which he said he did:

intentionally and knowingly with specific intent to commit the offense of retaliation, do an act which amounted to more than mere preparation that tended but failed to effect the commission of the said retaliation; a lesser included offense as charged in the indictment.

The court found Jacobs guilty of attempted retaliation. Jacobs now challenges the trial court's jurisdiction, contending that the offense of attempted retaliation does not exist.

He does not complain of the sufficiency of the evidence.

■■■ Ordinarily, a defendant who pleads guilty pursuant to a plea bargain must get the trial court's permission to appeal if the court-assessed punishment does not exceed that recommended by the State and agreed to by the defense. TEX.R.APP.P. 40(b)(1). Without such permission, however, a defendant may appeal jurisdictional issues and may appeal any other matter that is raised by written motion and ruled on before trial. *Lyon v. State,* 872 S.W.2d 732, 736 (Tex. Crim.App.), *cert. denied,* — U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). The State, citing *Morris v. State,* 749 S.W.2d 772 (Tex.Crim.App.1986), argues that Jacobs had to get permission to appeal here. *Morris,* however, is inapposite. The issue in that case was whether the appellant could challenge the sufficiency of the evidence without the trial court's permission. A general notice of appeal under Rule 40(b)(1) does not grant an appellate court the power to review an evidence sufficiency claim. *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App. 1994). In this case Jacobs challenges the trial court's jurisdiction, arguing that, because the court found him guilty of a nonexistent offense, the court had no jurisdiction. We therefore may hear his appeal because it raises a jurisdictional issue. TEX.R.APP.P. 40(b)(1); *Lyon v. State, supra.* Moreover, if an indictment fails to allege an offense, it may be challenged at any time. *See Ex parte Hawkins,* 722 S.W.2d 424, 425 (Tex. Crim.App.1986).

■■■ The presentment of an indictment to the trial court invests that court with jurisdiction. TEX. CONST. art. V, § 12(b); *Aguilar v. State,* 846 S.W.2d 318, 320 (Tex. Crim.App.1993). A defendant who fails to challenge the substance or form of an indictment before trial waives any defect in the indictment. TEX. CONST. art. V, § 12; TEX. CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1995); *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App.1990). Once a trial court has jurisdiction of a charged offense, it may

---

**2.** TEX.PENAL CODE ANN. § 15.01, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3606.

proceed to judgment on a lesser included offense. *Ex parte McClelland,* 588 S.W.2d 957, 959 (Tex.Crim.App.1979). An indictment alleging the elements of the charged offense also alleges the elements of the lesser included offense. *See Day v. State,* 532 S.W.2d 302, 315 (Tex.Crim.App.1975); *Johnson v. State,* 828 S.W.2d 511, 514 (Tex.App.— Waco 1992, pet. ref'd). Attempted retaliation is a lesser included offense of retaliation. TEX.CODE CRIM.PROC.ANN. art. 37.09(4) (Vernon 1981).

■ Here, the trial court acquired jurisdiction when the indictment was presented. The indictment charged Jacobs with retaliation, a valid offense. Once the court had jurisdiction of the charged offense, it proceeded to judgment on the lesser included offense, attempted retaliation. Conviction for an attempt to commit the charged offense is proper, even though the evidence proves the completed offense. *Hill v. State,* 521 S.W.2d 253, 255 (Tex.Crim.App.1975); *Nielson v. State,* 437 S.W.2d 862 (Tex.Crim.App. 1969).

Precisely speaking, however, Jacobs complains not of the indictment's substance but rather of the lesser included offense, attempted retaliation. He argues that such an offense cannot be committed because speech forms the *actus reus,* or guilty act, of the retaliation charge, so the guilty act for attempted retaliation would be attempted speech, or mere thought, which cannot be an act under the Penal Code.[3]

■ Speech, however, can be the guilty act for either retaliation or attempted retaliation. One can attempt a threat, either by incomplete or inarticulate speech or by inchoate acts. Moreover, the State may prove a lesser included offense by the same facts required to prove the charged offense. The greater includes the lesser. *See Jones v. State,* 586 S.W.2d 542, 545 (Tex.Crim.App. [Panel Op.] 1979).

■ Jacobs also complains, without citing authority, that his conviction violates his right to free speech under U.S. CONST. amend. I and TEX. CONST. art. I, § 8.

Threats, however, are not constitutionally protected. *Puckett v. State,* 801 S.W.2d 188, 194 (Tex.app.—Houston [14th Dist.] 1990, pet. ref'd), *cert. denied,* 502 U.S. 990, 112 S.Ct. 606, 116 L.Ed.2d 629 (1991); *see Watts v. United States,* 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969). The state's retaliation statute does not abridge constitutionally protected speech. *Puckett v. State,* 801 S.W.2d at 192–93. The state has a valid and substantial interest in protecting the integrity of its law enforcement system and in allowing public servants to perform their duties without interference from threats of physical violence. *Id.*

For the reasons stated, the judgment is affirmed.

---

**3.** An act must be a bodily movement, which can be speech. TEX.PENAL CODE ANN. § 1.07(a)(1), *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3588.