TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00600-CR






James R. Trehern, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C96-5760, HONORABLE JOHN BARINA, JUDGE PRESIDING







 Over his plea of not guilty, appellant James R. Trehern was convicted of telephone
harassment. See Tex. Penal Code Ann. § 42.07 (West Supp. 1998). Appellant was sentenced to
180 days confinement in the Bell County Jail, probated on community supervision for two years,
and fined $300. He brings three points of error, namely: (1) the State failed to prove the requisite
element of intent to support his conviction; (2) the evidence was factually insufficient to support
his conviction; and (3) Texas Penal Code section 42.07(a)(2) is unconstitutionally vague. We will
overrule appellant's points of error and affirm the judgment.


DISCUSSION AND HOLDINGS


Intent

 Appellant contends the State failed to prove the element of intent required by Penal
Code section 42.07(a)(2). Under that statute, the State must prove that (1) a person, (2) with
intent to harass, annoy, alarm, abuse, torment or embarrass another, (3) threatens, (4) by
telephone or in writing, (5) in a manner reasonably likely to alarm the person receiving the threat,
(6) to inflict bodily injury on the person, or to commit a felony against the person, a member of
his family, or his property. Tex. Penal Code Ann. § 42.07(a)(2).

 Proof of a culpable mental state generally relies upon circumstantial evidence. 
Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978); Johnson v. State, 932 S.W.2d 296,
303 (Tex. App.--Austin 1996, pet. ref'd). The trier of fact may infer intent from any facts in
evidence that tend to prove the existence of the requisite state of mind. Hernandez v. State, 819
S.W.2d 806, 810 (Tex. Crim. App. 1991), cert. denied, 504 U.S. 974, 112 S. Ct 2944, 119 L.
Ed. 2d 568 (1992); Skillern v. State, 890 S.W.2d 849, 880 (Tex. App.--Austin 1994, pet. ref'd). 
Accordingly, appellant's intent may be inferred from his words, action, and conduct. Price v.
State, 410 S.W.2d 778, 780 (Tex. Crim. App. 1967).

 The record supports an affirmative finding of appellant's intent to harass his
brother-in-law Bloyd. Appellant was involved in a pending divorce with his wife and believed
Bloyd was concealing appellant's family. Appellant telephoned Bloyd on several occasions
seeking to learn the whereabouts of appellant's family. On the particular telephone call at issue
in this case, appellant called Bloyd at the restaurant where he worked and threatened to blow
Bloyd's "____ing head off" if Bloyd did not reveal the location of appellant's family. A hostess
at the restaurant corroborated Bloyd's testimony regarding the threat and testified that Bloyd was
shocked by appellant's threat. Bloyd testified that he feared appellant and that he was aware that
appellant owned a firearm. As a result of the call, Bloyd left work and did not return for three
days. Viewing the evidence in a light most favorable to the prosecution, we believe a rational trier
of fact could find beyond a reasonable doubt that appellant intended to harass, annoy, alarm,
abuse, torment or embarrass Bloyd. Manneman v. State, 878 S.W.2d 334, 337 (Tex.
App.--Austin 1994, pet. ref'd).

 We overrule appellant's first point of error.


Constitutionality of Texas Penal Code Section 42.07(a)(2)

 Appellant next argues that Penal Code section 42.07(a)(2) is unconstitutionally
vague. The record reveals, and appellant concedes, that the issue was not raised in the trial court
by objection or motion for new trial. The State contends appellant therefore waived his right to
complain. See Tex. R. App. P. 52(a).

 It has long been the rule that constitutional errors may be waived or forfeited by
a failure to make a timely and specific assertion of the right. Boulware v. State, 542 S.W.2d 677,
682 (Tex. Crim. App. 1986). The Court of Criminal Appeals recently delineated three distinct
rules, distinguishing between the following: (1) absolute requirements and prohibitions; (2) rights
of litigants which must be implemented by the judicial system unless expressly waived; and (3)
rights of the litigants which are implemented upon request. Marin v. State, 851 S.W.2d 275, 279
(Tex. Crim. App. 1993). Procedural default applies only to the last category. Id.

 The State relies upon Curry v. State, 910 S.W.2d 490 (Tex. Crim. App. 1994), and
Garcia v. State, 887 S.W.2d 846 (Tex. Crim. App. 1995), to support the proposition that a claim
that a statute is unconstitutionally vague is waived absent proper objection at trial. However,
Curry and Garcia are distinguishable because both cases involved challenges to the proper
procedure in a capital case; neither involved constitutional challenges to the underlying statute
upon which the conviction was based. In contrast, appellant directly challenges the
constitutionality of the statute upon which his conviction was based. Questions involving the
constitutionality of a statute upon which a defendant's conviction is based should be addressed by
appellate courts, even when such issues are raised for the first time on appeal. Raab v. State, 730
S.W.2d 751, 752 (Tex. Crim. App. 1987). Appellant did not, therefore, waive the right to
challenge the statute on appeal. We turn then to whether section 42.07(a)(2) is unconstitutionally
vague.

 We begin with the assumption that the statute is valid and the legislature has not
acted unreasonably or arbitrarily in enacting the statute. Cotton v. State, 686 S.W.2d 140, 144
(Tex. Crim. App. 1985). The burden rests on an individual challenging the statue to establish its
unconstitutionality. Id. at 145. A court must uphold the statute if a reasonable construction will
render it constitutional and effectuate the legislative intent. Ely v. State, 582 S.W.2d 416, 419
(Tex. Crim. App. 1979).

 A statute is void for vagueness when it either forbids or requires the doing of an
act in terms so vague that persons of common intelligence must guess at its meaning and differ as
to its application. Cotton, 686 S.W.2d at 145. More specifically, the terms and provisions of a
statute must be sufficiently definite so they may be known, understood, and applied. Id. A statute
is void for vagueness only when no standard of conduct is specified at all or no core of prohibited
activity is defined. Briggs v. State, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987).

 Appellant was convicted under Penal Code section 42.07. The statute states as
follows:


(a) A person commits an offense if, with the intent to harass, annoy, alarm,
abuse, torment, or embarrass another, he


 (2) threatens, by telephone or in writing, in a manner reasonably likely to
alarm the person receiving the threat, to inflict bodily injury on the person
or to commit a felony against the person, a member of his family, or his
property.



Appellant argues the words "harass, annoy, alarm, abuse, torment, or embarrass" are not defined
as they relate to the specific prohibited conduct, and that the prohibited conduct is not defined so
that the use and meaning of the words is limited to the specific conduct condemned.

 Appellant relies on Kramer v. Price, 712 F.2d 174 (5th Cir.), rehearing en banc
granted, 716 F.2d 284 (5th Cir.), aff'd, 723 F.2d 1164 (5th Cir. 1984), to support his contention
that section 42.07(a)(2) is unconstitutionally vague. His reliance is misplaced in our view. In
Kramer, the court addressed the constitutional validity of the pre-1983 harassment statute which
provided in relevant part:


(a) A person commits an offense if he intentionally:


 (1) communicates by telephone or in writing in vulgar, profane, obscene, or
indecent language or in a coarse and offensive manner and by this action
intentionally, knowingly, or recklessly annoys or alarms the recipient;



Act of September 28, 1973, 63d Leg., R.S. ch. 399, 1973 Tex. Gen. Laws. 883, 956 (since
amended).

 The Kramer court, in addressing the language of the pre-1983 harassment statute,
found that "Texas courts have made no attempt to construe the terms 'annoy' and 'alarm' in a
manner which lessens their inherent vagueness." Kramer, 712 F.2d at 178. More importantly, 
the court stated, "Texas courts have refused to construe the statute to indicate whose sensibilities
must be offended." Id. The court ultimately held that persons of common intelligence would be
unable to determine the underlying conduct proscribed by the statute; thus the statute failed on
vagueness grounds. Id.

 The Texas Court of Criminal Appeals, relying upon the Kramer decision, found
unconstitutional the 1993 stalking provision of section 42.07 of the Texas Penal Code. Long v.
State, 931 S.W.2d 285, 288 (Tex. Crim. App. 1996). The "stalking" portion of the 1993
harassment statute provided:


(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse,
torment, or embarrass another, he:


* * * * *



 (7)(A) on more than one occasion engages in conduct directed specifically
toward the other person, including following that person, that is reasonably
likely to harass, annoy, alarm, abuse, torment, or embarrass that person;


 (B) on at least one of those occasions by acts or words threatens to inflict
bodily injury on that person or to commit an offense against that person,
a member of that person's family, or that person's property; and


 (C) on at least one of those occasions engages in the conduct after the person
toward whom the conduct is specifically directed has reported to a law
enforcement agency the conduct described by this subdivision.


 * * * * *



(e) It is an affirmative defense to prosecution under Subsection (a)(7) of this
section that the actor was engaged in conduct that consisted of activity in
support of constitutionally or statutorily protected rights.



Act of March 19, 1993, 73d Leg., R.S., ch. 10, § 1, 1993 Tex. Gen. Laws 46 (since amended). 
 The court held in Long that the threat requirement in section 42.07(a)(7)(B) did not
"remove the First Amendment from the purview of the offense." Long, 931 S.W.2d at 293. The
court stated that "in the absence of any nexus between the threat requirement and the conduct
requirement, there is a real likelihood that the statute could chill the exercise of protected First
Amendment expression." Id. After the Long decision, the legislature amended section 42.07 and
deleted the stalking portion. The legislature then enacted section 42.072, a revised anti-stalking
statute. See Tex. Penal Code Ann. § 42.072 (West Supp. 1998).

 The present issue is whether section 42.07(a)(2), under which appellant was
convicted, suffers from the same infirmities as the statutes invalidated in Kramer and Long. 
Appellant states the words "harass, annoy, alarm, abuse, torment, or embarrass" are not defined
as they relate to the specific conduct prohibited by the statute. In addition, appellant argues, the
phrase "reasonably likely to alarm the person receiving the threat" is unreasonably vague. We
disagree.

 The absence of a reasonable-person requirement is not fatal if the offense is
sufficiently defined to avoid vagueness problems. Long, 931 S.W.2d at 290. The "threat"
requirement of section 42.07(a)(2) sufficiently defines telephone harassment. To constitute an
offense, the evidence must show a threat, by telephone or in writing, to inflict bodily injury on
the person, or to commit a felony against the person, a member of his family, or his property. 
See Tex. Penal Code Ann. § 42.07(a)(2).

 The provision of the statute in question is distinguishable from the stalking statute
in Long. The statute invalidated in Long required a threat coupled with conduct directed toward
another person that was reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass
that person. The Court in Long held that the statute could chill constitutionally protected activity,
if the threat was the first activity, because an individual would be in fear of acting toward the other
person due to the possibility of conviction.

 The threat requirement of section 42.07(a)(2) does not suffer from such a defect. 
 Section 42.07(a)(2) does not require a nexus between the threat and any other conduct for an
offense to be committed. Moreover, appellant's specific threat to kill Bloyd is not protected
speech under the First Amendment. Jacobs v. State, 903 S.W.2d 848, 851 (Tex.
App.--Texarkana 1995, pet. ref'd.); see also Watts v. United States, 394 U.S. 705, 89 S. Ct.
1399, 22 L. Ed. 2d 664 (1969).

 Because no First Amendment rights are involved, we need only determine whether
section 42.07(a)(2) is impermissibly vague as applied to appellant's conduct. Bynum v. State, 767
S.W.2d 769, 774 (Tex. Crim. App. 1989). Appellant has failed to explain how the harassment
statue is unconstitutional as applied to him.

 We hold that Penal Code section 42.07(a)(2) is not unconstitutionally vague and
overrule appellant's second point of error.


Factual Sufficiency of the Evidence

 Appellant contends the evidence is factually insufficient to support his conviction. 
We will view the body of evidence in a neutral light, that is to say not in a light favorable to the
prosecution. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 We have related above the testimony of Bloyd and the restaurant hostess, a
bystander, that appellant telephoned Bloyd at the restaurant and threatened to shoot him in the
head, in front of his customers, if Bloyd did not reveal the location of appellant's family. 
Appellant does not contest that the telephone call was made; he and his sister testified, however,
that no threat was made in the course of the call. Appellant's sister was able to recall few
additional details about the call other than it took place "when the sun was up."

 Appellant testified in addition that Bloyd wished to have appellant arrested to
provide appellant's wife an opportunity to remove personal property from appellant's home while
he was in custody. Other evidence demonstrated, however, that appellant's wife had several other
opportunities to remove the belongings while appellant was at work.

 The trier of fact was free to disbelieve the testimony that no threat was made in the
course of the telephone call and to reject Bloyd's theory regarding appellant's motivation. 
Considering the whole of the evidence, we believe the finding of guilt is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis, 922 S.W.2d at
129. We overrule appellant's final point of error.

 We affirm the trial court judgment.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: November 5, 1998

Do Not Publish



sufficiently defines telephone harassment. To constitute an
offense, the evidence must show a threat, by telephone or in writing, to inflict bodily injury on
the person, or to commit a felony against the person, a member of his family, or his property. 
See Tex. Penal Code Ann. § 42.07(a)(2).

 The provision of the statute in question is distinguishable from the stalking statute
in Long. The statute invalidated in Long required a threat coupled with conduct directed toward
another person that was reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass
that person. The Court in Long held that the statute could chill constitutionally protected activity,
if the threat was the first activity, because an individual would be in fear of acting toward the other
person due to the possibility of conviction.

 The threat requirement of section 42.07(a)(2) does not suffer from such a defect. 
 Section 42.07(a)(2) does not require a nexus between the threat and any other conduct for an
offense to be committed. Moreover, appellant's specific threat to kill Bloyd is not protected
speech under the First Amendment. Jacobs v. State, 903 S.W.2d 848, 851 (Tex.
App.--Texarkana 1995, pet. ref'd.); see also Watts v. United States, 394 U.S. 705, 89 S. Ct.
1399, 22 L. Ed. 2d 664 (1969).

 Because no First Amendment rights are involved, we need only determine whether
section 42.07(a)(2) is impermissibly vague as applied to appellant's conduct. Bynum v. State, 767
S.W.2d 769, 774 (Tex. Crim. App. 1989). Appellant has failed to explain how the harassment
statue is unconstitutional as applied to him.

 We hold that Penal Code section 42.07(a)(2) is not unconstitutionally vague and
overrule appellant's second point of error.


Factual Sufficiency of the Evidence

 Appellant contends the evidence is factually insufficient to support his conviction. 
We will view the body of evidence in a neutral light, that is to say not in a light favorable to the
prosecution. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 We have related above the testimony of Bloyd and the restaurant hostess, a
bystander, that appellant telephoned Bloyd at the restaurant and threatened to shoot him in the
head, in front of his customers, if Bloyd did not reveal the location of appellant's family. 
Appellant does not contest that the telephone call was made; he and his sister testified, however,
that no threat was made in the course of the call. Appellant's sister was able to recall few
additional details about the call other than it took place "when the sun was up."

 Appellant testified in addition that Bloyd wished to have appellant arrested to
provide appellant's wife an opportunity to remove personal property from ap