Opinion filed June 12, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00162-CR

_____

## MICHAEL MARVIN RUSSIE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39309**

## M E M O R A N D U M   O P I N I O N

The jury convicted Michael Marvin Russie of the offense of retaliation, found the enhancement allegations to be true, and assessed punishment at confinement for thirty-five years. The trial court sentenced him accordingly. In two issues on appeal, Appellant contends that he received ineffective assistance of

counsel and that the trial court erred when it denied his request for a charge on terroristic threat. We affirm.

Officer Michael Poole responded to a disturbance call at a convenience store, and the clerk complained that an intoxicated white male tried to steal a single beer and threatened to strike other customers. Appellant was sitting on a curb nearby, and when Officer Poole approached him, Appellant "became very agitated" and immediately said, "You're not going to arrest me for [public intoxication]." Officer Poole detected a strong odor of alcohol and noticed that Appellant had trouble balancing, so Appellant was arrested for public intoxication. Officer Poole testified that, once he placed Appellant under arrest, Appellant "got very agitated again and he just started cussing me out and started threatening me." Because of these threats, Appellant was charged with the offense of retaliation. Appellant challenges his conviction for retaliation on two grounds.

In his first issue, Appellant complains that he was deprived of his right to effective assistance of counsel because his trial attorney failed to request a charge on the lesser included offense of attempted retaliation. To determine whether trial counsel rendered ineffective assistance at trial, we must determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, whether there is a reasonable probability that the result would have been different but for trial counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986).

Upon request, the trial court should instruct the jury on a lesser included offense if "(1) the requested charge is for a lesser-included offense of the charged offense and (2) there is some evidence that, if the defendant is guilty, [he] is guilty *only* of the lesser offense." *Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005) (emphasis added). If both requirements are met, the trial court must

2

instruct the jury on the lesser included offense. *Guzman v. State*, 188 S.W.3d 185, 189 (Tex. Crim. App. 2006).

An offense is a lesser included offense if, among other things, it consists of an attempt to commit the offense charged. TEX. CODE CRIM. PROC. ANN. art. 37.09(4) (West 2006). Thus, attempted retaliation is a lesser included offense of retaliation. We must next consider all of the evidence admitted to determine if "there is some evidence that would support a rational finding that the defendant is guilty *only* of the lesser included offense." *Guzman*, 188 S.W.3d at 188–89.

A person commits the offense of retaliation, as relevant here, if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the services or status of another as a public servant. TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011). Appellant was charged with intentionally or knowingly threatening to harm Officer Poole on account of his status or service as a public servant.

Appellant argues that the evidence shows that he was guilty only of attempted retaliation because the evidence shows that his statements were not intentional or knowing but, rather, reckless because he did not resist arrest or ever try to hit or kick Officer Poole. A person commits the offense of attempted retaliation if, with specific intent to commit the offense of retaliation, he does an act that goes beyond mere preparation but fails to effect the commission of retaliation. PENAL § 15.01(a). Even if we concede that the evidence shows a reckless mental state, which we do not, such evidence would not entitle Appellant to an instruction on attempted retaliation because criminal attempt requires evidence of the specific intent to commit the offense. *See id.*

Moreover, the evidence does not show that, if he is guilty, he is guilty only of attempted retaliation because the evidence shows that Appellant effected the commission of retaliation. A person can attempt a threat through "incomplete or

3

inarticulate speech or by inchoate acts." *Jacobs v. State*, 903 S.W.2d 848, 851 (Tex. App.—Texarkana 1995, pet. ref'd). A threat occurs, however, "as soon as the actor utters the threatening words or otherwise initiates the threatening conduct." *Olivas v. State*, 203 S.W.3d 341, 345 (Tex. Crim. App. 2006).

Officer Poole testified that, when he placed Appellant under arrest for public intoxication, Appellant said he "was going to 'f--k me up'" and that, because of that statement, Officer Poole believed Appellant intended to assault him. Once Appellant was in the backseat of Officer Poole's vehicle, Appellant was recorded saying that he was going to "mess you up whenever you get out of the car" and "I'm going to kick the crap out of you. I'm going to kick the shit out of you. I'm going to kick your head in when we get out of here." Appellant also told Officer Poole that "the last thing you want to do is put retaliation on me" and that "you got a bad day coming." We cannot say that Appellant's statements were incomplete or inarticulate; the evidence shows more than a mere attempt to threaten Officer Poole. *See Jacobs*, 903 S.W.2d at 851.

Appellant argues that "there is at least some evidence that Appellant was guilty only of 'attempted retaliation'" because he did not follow through with his threats. Officer Poole testified that, once they arrived at the jail, Appellant was "[a] completely different person," but by that time, the offense was complete. The threats occurred as soon as Appellant uttered the threatening words. *See Olivas*, 203 S.W.3d at 345.

Because Appellant was not entitled to a charge on the lesser included offense of attempted retaliation, Appellant has not shown that his counsel's representation fell below an objective standard of reasonableness for failing to request such a charge. *See Ex parte Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004). Appellant's first issue is overruled.

4

In his second issue on appeal, Appellant complains that "the trial court committed reversible error by refusing to give the lesser included offense of terroristic threat."

A defendant is entitled to a charge on a lesser included offense if, as it pertains to this issue, the lesser offense is included within the proof necessary to establish the offense charged and if there is evidence showing that, if the defendant is guilty, he is guilty only of the lesser offense. *Hayward*, 158 S.W.3d at 478.

A person commits the offense of making a terroristic threat if he threatens to commit any offense involving violence to any person or property with the intent to place any person in fear of imminent serious bodily injury. PENAL § 22.07(a)(2). Retaliation may be committed when a person threatens to harm another in retaliation for or on account of another's service or status as a public servant. *Id.* § 36.06(a)(1)(A). Because retaliation as charged in this case does not require intent that the victim be placed in fear of imminent serious bodily injury, the elements of making a terroristic threat are not included within the proof necessary to establish retaliation. *See Davis v. State*, 890 S.W.2d 489, 492 (Tex. App.— Eastland 1994, no pet.) ("Terroristic threat is not a lesser included offense of retaliation."); *see also Wiggins v. State*, 255 S.W.3d 766, 770 (Tex. App.— Texarkana 2008, no pet.) (same); *Helleson v. State*, 5 S.W.3d 393, 396 (Tex. App.—Fort Worth 1999, pet. ref'd) (same). *But see Zorn v. State*, 222 S.W.3d 1, 3 (Tex. App.—Tyler 2002, pet. dism'd) (concluding terroristic threat was lesser included offense of retaliation because the threat to murder neighbor and children with whom the defendant had an ongoing conflict was also evidence of intent to place the victim in fear of imminent bodily injury). Therefore, the trial court did not err when it denied Appellant's request for a charge on the offense of terroristic threat. Appellant's second issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


June 12, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.