**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00036-CR**
_____

**EX PARTE STEVEN JOSEPH ERIBARNE III**

**On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. 24,764**

**OPINION**

Steven Joseph Eribarne III was charged with the offense of retaliation. *See* Tex. Penal Code Ann. § 36.06 (West Supp. 2016). Eribarne filed an amended application for pretrial writ of habeas corpus, in which he contended that the retaliation statute is facially overbroad and vague under the First Amendment of the United States Constitution. *See id.* After conducting a non-evidentiary hearing, the trial court denied Eribarne's application. In his sole appellate issue, Eribarne argues that section 36.06 is unconstitutionally overbroad on its face in violation of the First Amendment. We affirm the trial court's order denying habeas relief.

Section 36.06 of the Texas Penal Code provides as follows, in pertinent part:

(a) A person commits an offense if the person intentionally or knowingly harms or threatens to harm another by an unlawful act:
  (1) in retaliation for or on account of the service or status of another as a:
     (A) public servant . . . .

*Id.* The indictment alleged that Eribarne intentionally or knowingly harmed and threatened to murder the victim "in retaliation for and on account of the service and status of [the victim] as a public servant[.]" According to Eribarne's petition for writ of habeas corpus, the State bore the burden of demonstrating that the statute satisfies strict scrutiny; that is, "the State must show that the statute is both necessary and narrowly written to satisfy a compelling state interest." Eribarne argued that the statute restricts speech based on content and also restricts protected speech, is not limited to true threats, and fails to meet the strict scrutiny standard. Eribarne advances the same arguments on appeal.

Whether a statute is facially unconstitutional is a question of law that we review *de novo*. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). In *Webb v. State*, 991 S.W.2d 408 (Tex. App.—Houston [14th Dist. 1999], pet. ref'd), our sister Court of Appeals addressed an overbreadth challenge to section 36.06. *Id*. at 412.[1] The *Webb* court held that section 36.06 does not abridge constitutionally

---

[1] The current version of section 36.06(a)(1) is identical to the text of the statute as it existed when *Webb* was decided in 1999. *See* Tex. Penal Code Ann. §

protected speech and that the statute "survives the facial challenges to overbreadth[.]" *Id.* at 414-15. The *Webb* court held that section 36.06 does not implicate First Amendment protections because "[b]y its terms, the statute punishes only those individuals who intentionally or knowingly harm or threaten to harm another person by an unlawful act." *Id.* at 415.

According to the *Webb* court, the statute only punishes threatening speech and "does not reach a substantial amount of constitutionally protected conduct." *Id.* Because the statute punishes conduct rather than the content of speech alone and bears a rational relationship to the State's legitimate and compelling interest in protecting public servants from harm, we reject Eribarne's argument that we must apply the strict scrutiny standard when analyzing his issue. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973); *Ex parte Woodall*, 154 S.W.3d 698, 702 (Tex. App.—El Paso 2004, pet. ref'd); *see also Ex parte Lo*, 424 S.W.3d at 16-17 (noting the distinction between regulating speech versus regulating conduct). We therefore presume that the statute is valid, and that the Legislature did not act arbitrarily or unreasonably in enacting the statute. *Ex parte Lo*, 424 S.W.3d at 15.

---

36.06(a)(1) (West Supp. 2016); *Webb v. State*, 991 S.W.2d 408, 413 (Tex. App.— Houston [14th Dist. 1999], pet. ref'd).

We agree with the analysis of our sister Court of Appeals in *Webb* and conclude that section 36.06 does not implicate First Amendment protections and is not unconstitutionally overbroad. *See id.* at 412-15. Accordingly, we overrule Eribarne's sole issue and affirm the trial court's order denying habeas relief.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 24, 2017
Opinion Delivered July 19, 2017
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.