

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00155-CR

_____

REGINA LYNNE ALFORD, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1490621D

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Regina Lynne Alford appeals her conviction for retaliation against a public servant. In one point, Alford argues that the trial court erred by denying her motion to dismiss the charges because Texas Penal Code Section 36.06 (the obstruction or retaliation statute) is facially unconstitutional and overbroad in violation of the First Amendment. Tex. Penal Code. Ann. § 36.06. We affirm.

### II. BACKGROUND

On January 12, 2016, Alford called the Fort Worth Police Department to report an alleged burglary. Specifically, Alford reported that she believed her computer had been hacked, that sensitive information about her accounts had been compromised, and that someone had entered her house and removed items. Officer John Edward Collins of the Fort Worth Police Department responded to the complaint. Collins said that when he encountered Alford at her residence, she was "neat and clean," but she was unable "to stay on topic" and was "flighty in her communication." Alford also powered her cellphone and computer off and on multiple times, explaining that the devices were being hacked. While at Alford's house, Alford told Collins that burglars had been coming in through her back door, but Collins investigated and found no damage to the back door and quickly concluded that he saw no evidence of a crime having been committed. Given her conduct, Collins grew concerned that Alford needed a mental-health professional to come and

2

conduct a mental-health evaluation of her, so rather than creating a report for an alleged burglary, Collins filled out an information report to be utilized by a mental-health professional. When Collins left Alford's residence, he called the Mental Health Mental Retardation (MHMR) liaison and referred Alford to them.

Later, and after MHMR had contacted Alford, Alford began to call the police station and leave threatening voice messages or engage in threatening phone conversations with numerous employees at the police department. In these profanity-filled messages and calls, Alford repeatedly accused Collins of having falsely "tag[ged]" her "with auditory and visual hallucinations." Alford also demanded numerous times for someone to give her an explanation how an officer "who ha[d] never laid eyes on" her could make such a determination. She expressed frustration with not having received an adequate explanation and at detectives who had refused to return her calls.[1] During these calls, Alford also threatened to "kill a f[******] cop," "murder a cop," and "rip [an officer's] eyes out with" her bare hands. Alford repeatedly said that she had "been pushed to the point [that she was] ready to pop a cop," that she was "pissed off enough to take a gun and murder a cop," and that she related to "that kid in Dallas who went off and killed five cops." Alford's ire seemed especially directed at Collins, whom she specifically mentioned multiple times by

---

[1]At trial, one officer testified that he had received over eighty voice messages from Alford, and that often Alford "said the same thing" in these messages. Another officer said that he had spent hours on the phone with Alford and had engaged in more than thirty phone calls with her.

name, including stating that if she "ever [saw] that b[****] and there [was] a knife within arm's reach, [she would] slit [Collins's] throat for sharing [her] information." In another message where she referred to Collins, Alford said that she was "gonna kill the motherf[*****]" and that she was "gonna hunt the b[****] down and kill him."

On March 9, 2017, possessing an arrest warrant, officers apprehended Alford. Rather than arresting and taking her to jail, officers took Alford to John Peter Smith Hospital for a mental-health evaluation. While at the hospital, an officer overheard Alford tell the intake nurse that she wanted to "f[******] kill some cops," and Alford again referenced the shooting in Dallas in 2016 where several officers were shot and killed.

Eventually, the State charged Alford with two counts of retaliation; count one alleged Alford had threatened to murder Collins, and count two alleged she had threatened to murder Collins's supervising officer. At trial, in addition to several officers testifying about Alford's interactions with the police, the State published several of the phone calls and voice messages made by Alford wherein she threatened to kill police officers, specifically Collins.

The jury found Alford guilty of count one (retaliation against Collins) but not guilty on count two (retaliation against Collins's supervisor). After the punishment phase of trial, the jury assessed punishment at forty-two months' incarceration. The trial court rendered judgment accordingly, and this appeal followed.

4

### III. DISCUSSION

In one point, Alford argues that the trial court erred by denying her verbal motion to dismiss because Section "36.06 is unconstitutionally overbroad in violation of the First Amendment." Alford specifically states that she is making an "as-written or 'facial' challenge to the statute." The State argues that Alford has failed to preserve this issue for our review, or in the alternative, that Alford's facial challenge to Section 36.06 is without merit. We will address both of the State's responses to Alford's sole point.

### A. Preservation

After the State closed, Alford verbally moved for a dismissal of the charges arguing,

> I would also ask for a dismissal in that *as applied* in this manner, the State has not proven that they have not violated in the -- in this manner *as applied* her First Amendment rights and her rights under the Texas Constitution, Article 1, Section 8, right to free speech. And I can address that more closely with the Court if you would so like. [Emphases added.]

The trial court denied the motion. The State argues that because Alford made an "as applied" challenge to Section 36.06 at trial but now makes a facial challenge to the statute, her argument on appeal does not comport with her argument made at trial. Thus, the State argues, she has forfeited this complaint for our review.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not

5

apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). Moreover, the complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."). To determine whether the complaint on appeal conforms to that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Clark*, 365 S.W.3d at 339; *Resendez v. State,* 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Pena*, 285 S.W.3d at 464. And "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

Here, we agree with the State that it is arguable that Alford's complaint at trial was an as-applied challenge to the constitutionality of Section 36.06 and not a facial challenge. These are different arguments. A claim that a statute is unconstitutional on its face is a claim that the statute, by its terms, always operates unconstitutionally.

6

*Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). On the other hand, a claim that a statute is unconstitutional "as applied" is a claim that the statute operates unconstitutionally with respect to the defendant because of her particular circumstances. *Id.* at 536 n.3. In her verbal motion to dismiss to the trial court, Alford mentioned "as applied" twice, with one instance referring to that statute's application to "her," but she never mentioned that Section 36.06 was unconstitutional on its face. Thus, it is likely she has forfeited this complaint for our review because her complaint at trial does not comport with her complaint on appeal, and she could not bring her facial challenge to Section 36.06 for the first time on appeal. *See Clark*, 365 S.W.3d at 339; *Karenev*, 281 S.W.3d at 434.

## B. The Constitutionality of Section 36.06

But even assuming that Alford has preserved this issue for our review, we agree with the State that Alford's overbreadth, facial challenge fails.[2] Alford's contention is

---

[2]A First Amendment overbreadth challenge operates differently than other facial constitutional challenges. Generally, a facial challenge to the constitutionality of a statute must fail if it does not show that the statute, by its terms, always operates unconstitutionally. *Gillenwaters*, 205 S.W.3d at 536 n.2. And as a general principle, a defendant does not have standing to challenge a statute on the ground that it may be unconstitutionally applied to the conduct of others. *State v. Johnson*, 475 S.W.3d 860, 864 (Tex. Crim. App. 2015) (first citing *Cty. Court of Ulster, N.Y. v. Allen*, 442 U.S. 140, 155, 99 S. Ct. 2213, 2223 (1979); and then *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S. Ct. 2908, 2914 (1973)). But the First Amendment's overbreadth doctrine allows a court to declare a law unconstitutional on its face "even if it may have some legitimate application and even if the parties before the court were not engaged in activity protected by the First Amendment." *Id.* at 864–65 (first citing *United States v. Stevens*, 559 U.S. 460, 473, 130 S. Ct. 1577, 1587 (2010); and then *Sabri v. United States*, 541 U.S. 600, 609–10, 124 S. Ct. 1941, 1948–49 (2004)).

that Section 36.06[3] is a content-based restriction on speech, is subject to a strict-scrutiny analysis, forbids protected speech, and fails strict scrutiny. We disagree.

We review a constitutional challenge de novo as a question of law, and we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Goyzueta v. State*, 266 S.W.3d 126, 130 (Tex. App.—Fort Worth 2008, no pet.). And as the accused, Alford bears the burden to establish the statute's unconstitutionality. *Id.*

The First Amendment protects the freedom of speech and applies to the states by virtue of the Fourteenth Amendment. U.S. Const. amends. I ("Congress shall make no law . . . abridging the freedom of speech."), XIV; *W. Va. Bd. of Educ. v. Barnette*, 319 U.S. 624, 638–39, 63 S. Ct. 1178, 1185–86 (1943). The protection of free speech includes the "free communication and receipt of ideas, opinions, and information." *Scott v. State*, 322 S.W.3d 662, 668 (Tex. Crim. App. 2010) (first citing

---

[3]Section 36.06(a) states:

(a) A person commits an offense if the person intentionally or knowingly harms or threatens to harm another by an unlawful act:

    (1) in retaliation for or on account of the service or status of another as a:

        (A) public servant, witness, prospective witness, or informant; or

        (B) person who has reported or who the actor knows intends to report the occurrence of a crime[.]

Tex. Penal Code Ann. § 36.06(a).

*Red Lion Broad. Co. v. F.C.C.*, 395 U.S. 367, 390, 89 S. Ct. 1794, 1806 (1969); and then

*Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72, 62 S. Ct. 766, 769–70 (1942))

*abrogated on other grounds by Wilson v. State*, 448 S.W.3d 418 (Tex. Crim. App. 2014).  But

the guarantee of free speech is not absolute, and the State "may lawfully proscribe

communicative conduct that invades the substantial privacy interests of another in an

essentially intolerable manner."  *Id.* at 668–69 (citing *Cohen v. California*, 403 U.S. 15,

21, 91 S. Ct. 1780, 1786 (1971)).

Several of our sister courts have already held that Section 36.06 is facially

constitutional and is not a content-based restriction on speech.  *Ex parte Eribarne*,

525 S.W.3d 784, 785 (Tex. App.—Beaumont 2017, pet. ref'd); *In re C.B.L.*, No. 08-00-

00116-CV, 2001 WL 282761, at *1 (Tex. App.—El Paso Mar. 22, 2001, no pet.) (not

designated for publication); *Webb v. State*, 991 S.W.2d 408, 413–17 (Tex. App.—

Houston [14th Dist.] 1999, pet. ref'd); *Puckett v. State*, 801 S.W.2d 188, 192 (Tex.

App.—Houston [14th Dist.] 1990, pet. ref'd); *see also Jacobs v. State*, 903 S.W.2d 848,

851 (Tex. App.—Texarkana 1995, pet. ref'd) (holding that retaliation statute not

unconstitutional as applied to Jacobs).  In *Puckett*, the defendant threatened a police

officer who arrested him, telling him he would kill him when he got out of jail.

801 S.W.2d at 190.  Noting that the Court of Criminal Appeals has expressed that a

central purpose of Section 36.06 is to encourage a certain class of citizens to perform

vital public duties without fear of retribution, the *Puckett* court reasoned that

Section 36.06 "on its face . . .  neither abridges constitutionally protected speech nor

9

inhibits an individual's right to petition for redress of grievances." *Id.* at 193 (citing *Doyle v. State*, 661 S.W.2d 726, 729 (Tex. Crim. App. 1983) (per curiam)). The *Puckett* court held that the appellant's contention that Section 36.06 was unconstitutional on its face was without merit.

Following *Puckett* and addressing a facial, overbreadth challenge, the same court of appeals again held that Section 36.06 implicates no First Amendment protections:

> By its terms, the statute punishes only those individuals who intentionally or knowingly harm or threaten to harm another person by an unlawful act. *See* Tex. Penal Code Ann. § 36.06. A threat is not protected speech. *See Watts v. United States*, 394 U.S. 705, 707–08, 89 S. Ct. 1399[, 1401] (1969) [(per curiam)]. The overbreadth doctrine is based on the principle that "a governmental purpose to control or prevent activities constitutionally subject to regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." *Gholson v. State*, 667 S.W.2d 168, 172 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). The statute punishes only threatening speech and does not reach a substantial amount of constitutionally protected conduct. *See Blanco v. State*, 761 S.W.2d 38, 40 (Tex. App.—Houston [14th Dist.] 1988, no pet.). Because section 36.06 regulates only threatening speech, it does not infringe into an area of constitutionally protected freedoms.

*Webb*, 991 S.W.2d at 415.

Following *Webb*, the Court of Appeals in Beaumont concluded that "[b]ecause the statute punishes conduct rather than the content of speech alone and bears a rational relationship to the State's legitimate and compelling interest in protecting public servants from harm," strict scrutiny did not apply to Section 36.06. *Eribarne*, 525 S.W.3d at 785. Further, the *Eribarne* court held that, given the presumption that

10

the statute is valid, "the Legislature did not act arbitrarily or unreasonably in enacting" Section 36.06. *Id.*

We agree with the analysis of our sister courts of appeals in *Puckett*, *Webb*, and *Eribarne* and conclude that Section 36.06 is not content-based, does not implicate First Amendment protections, and is not unconstitutionally overbroad on its face. Thus, the trial court did not err by denying Alford's motion to dismiss predicated on a constitutional challenge to Section 36.06, and we overrule her sole point.

## IV. CONCLUSION

Having overruled Alford's sole point on appeal, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 15, 2021